480 So.2d 1124 (1985)
Melvin GRIFFIN & Larry Griffin
v.
STATE of Mississippi.
No. 55760.
Supreme Court of Mississippi.
November 13, 1985.
*1125 Robert E. Buck, Walls, Buck & Irving, Greenville, for appellants.
Edwin Lloyd Pittman, Atty. Gen. by Pat S. Flynn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Melvin Griffin and Larry Griffin were jointly indicted and tried in the Circuit Court of Bolivar County for conspiracy to sell, and possess with intent to sell, a controlled substance classified in Schedule II as pentazocine. The jury found them guilty on December 16, 1983, and the lower court sentenced Melvin Griffin to fifteen (15) years in the custody of the Mississippi Department of Corrections, with five (5) years to serve, and ten (10) years suspended, and sentenced Larry Griffin to fifteen (15) years, with ten (10) years to serve, and five (5) years suspended. The Griffins appeal to this Court and assign four (4) errors in the trial below.

I.

THE VERDICT OF THE JURY IS CONTRARY TO THE OVERWHELMING WEIGHT OF THE CREDIBLE EVIDENCE.
The State introduced three witnesses to establish its case. The arresting officer, Bill Quinton, testified that an informant, Jerry Smith, who knew the defendants, gave him information that Melvin was selling "T's and blues"; that Quinton arranged with Smith to conduct a "buy" with Melvin Griffin, the money being furnished by the police; that the transaction took place on November 10, 1982, at the Junior Food Mart; and that Quinton furnished Smith with a tape recorder in order that the sale could be recorded.
According to Quinton, the transaction proceeded as scheduled. Melvin Griffin and Larry Griffin drove up in an automobile and parked a few feet away from Smith's vehicle. Melvin got out of his automobile and talked to Smith through the window, as Larry Griffin went inside the store. The conversation was recorded, and, in addition, the police photographed the sale from a distance with a telescopic lens. After the sale, Smith left the tape and the drugs he obtained from Melvin Griffin in a wrecked police car behind police headquarters as he had been instructed by the police.
Officer Quinton arranged with Smith to make a larger "buy" with Melvin Griffin as soon as possible and that buy was scheduled for November 15, 1982. The modus operandi was the same as on November 10, and Melvin Griffin was arrested by Officer Quinton and others as he approached Smith's automobile. Smith corroborated the testimony of Officer Quinton and detailed his participation in the matter. The third witness was a technician from the Mississippi Crime Lab, who identified the controlled substance as penta.
The evidence further reflected that Melvin Griffin had previously sold the controlled substance, commonly known as "T's and blues," to Smith. Both Officer Quinton and Jerry Smith testified that Larry Griffin was a passenger in Melvin Griffin's car when Melvin made the sale on November 10, and Smith testified that Larry had been with Melvin nine or ten times when prior sales witnessed by Smith were made; and that he had bought drugs from Melvin about twenty or twenty-five times with the following procedure:
Q. Would you describe exactly what you mean.
A. Okay. I would call Melvin and tell him how many I wanted, and Melvin would come to meet me and Larry would be with him in the car. Usually, Larry sat in the car or either went in the store and Melvin would come and get in the car with me. One time I called and never got to talk to Melvin and I talked to *1126 Larry and he told me, you know, that he would take care of it if I needed anything or whatever I wanted he would get them.
Q. When was that in relation to the date that the pictures were taken that Larry told you this?
A. Well, Larry had told me that before we ever discussed all of the pictures, you know, before that ever had taken place, and then after we took the pictures and I made the tape Wednesday then I talked to Larry Thursday because Melvin was gone and Larry told me then that Thursday that he could take care of me if I wanted anything or whatever I needed.
The appellants rested when the State had concluded its case and all of the State's testimony was uncontradicted.
Conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully, the persons agreeing in order to form the conspiracy. The offense is complete without showing an overt act in furtherance of the conspiracy. Norman v. State, 381 So.2d 1024 (Miss. 1980); Moore v. State, 290 So.2d 603 (Miss. 1974); Pickett v. State, 139 Miss. 529, 104 So. 358 (1925).
There must be recognition on the part of the conspirators that they are entering into a common plan and knowingly intend to further its common purpose. McDonald v. State, 454 So.2d 488 (Miss. 1984). If there is an agreement, then knowledge of that agreement follows. The agreement need not be formal or express, but may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators. The principle is stated in 16 Am.Jur.2d Conspiracy § 42 (1979), as follows:
The trial court is allowed great discretion in the reception of circumstantial evidence, for conspiracy generally must be proved by a number of indefinite acts, conditions, and circumstances varying with the purpose to be accomplished. Where it is shown that the defendants by their acts pursued the same object, one performing one part and the other performing another part so as to complete it or the view to its attainment, the jury will be justified in concluding that they were engaged in a conspiracy to effect that object.
Admissible evidence in a conspiracy case covers a wide range. Commission of an offense is admissible as showing the conspiracy, since what the defendants actually did is evidence of what they intended to do. King v. State, 123 Miss. 532, 86 So. 339 (1920). Appellants contend that it was necessary for the State to show a positive agreement in order to establish a conspiracy. That argument is flawed, since it is not required to show the conspiracy by positive agreement. Norman v. State, supra.
Hammond v. State, 465 So.2d 1031 (Miss. 1985), stated the rule with reference to granting directed verdicts and peremptory instructions of not guilty in criminal and civil cases as follows:
The rule in regard to a peremptory instruction is the same in criminal and civil cases, the rule being that when all the evidence on behalf of the State is taken as true, together with all sound reasonable inferences that may be drawn therefrom if there is enough to support a verdict of conviction, the peremptory instruction must be denied.
465 So.2d at 1035.
This rule follows Cochran v. State, 278 So.2d 451, 453 (Miss. 1973); Warn v. State, 349 So.2d 1055 (Miss. 1977); and numerous cases cited in the digests and found on Lexis and Westlaw.
We are of the opinion that the evidence constituted a question for the jury, that it supported the guilty verdict and is not against the overwhelming weight of the evidence.

II.

THE LOWER COURT ERRED IN OVERRULING APPELLANTS' MOTION FOR A CIRCUMSTANTIAL EVIDENCE INSTRUCTION ON CONSPIRACY.
Appellants contend that the jury should have been instructed on circumstantial *1127 evidence and they made an oral request for the court to do so. The request or motion was denied. The appellants never submitted a circumstantial evidence instruction to the court for its consideration. The following colloquy was had between appellants' attorney and the court:
BY MR. BUCK: (Argument) We would make a motion at this time for the Court to grant an instruction on circumstantial evidence for both Larry and Melvin Griffin on the question of the existence of conspiracy.
BY THE COURT: Let's conclude this instruction first. I have read a case that is totally on circumstantial evidence and that being the case I am going to refuse D-4.[1]
BY MR. WALLS: Since we are on this particular subject. Could the Court go ahead and rule on our motion for an instruction  a circumstantial evidence instruction on the conspiracy count of the indictment for both Defendants.
BY THE COURT: I have never heard of a circumstantial instruction on conspiracy.
BY MR. KNOWLTON: (Argument)
BY MR. BUCK: (Argument)
BY THE COURT: Well, I am going to deny the motion. All right D-5. I am going to refuse D-5.
In Newell v. State, 308 So.2d 71, 78 (Miss. 1975), this Court held that the lower court cannot be put in error for refusal to instruct the jury where no written request was submitted. Rule 5.03, Uniform Criminal Rules of Circuit Court Practice, states, in part: "At least twenty-four hours prior to the time that a case is set for trial, each of the attorneys shall number and file his jury instructions with the clerk and submit to opposing counsel a numbered copy of the instructions so filed in the case."
We do not reach the question of whether or not in a proper conspiracy case, a circumstantial evidence instruction should be given.

III.

THE LOWER COURT ERRED IN REFUSING APPELLANTS' INSTRUCTION D-6.
Instruction D-6 required the jury to find beyond reasonable doubt that there was a positive and mutual agreement between Larry Griffin and Melvin Griffin to possess and distribute controlled substances in order to find them guilty of the crime of conspiracy.
The instruction did not correctly state the law on conspiracy, since a positive and mutual agreement is not required. As stated hereinbefore, all that must be shown is a concert of free will and conspiracy may be proved by acts of the parties or by circumstances as well as their agreement. Moore v. State, supra, at 604; Street v. State, 43 Miss. 1 (1870); Pickett v. State, supra.

IV.

THE LOWER COURT ERRED IN REFUSING APPELLANTS' INSTRUCTION NO. D-17.
The above instruction was a lengthy instruction on conspiracy and was refused by the lower court. We have carefully examined all instructions in the case and are of the opinion that the jury was adequately and fully instructed by other instructions granted. The Instruction D-17 was cumulative and repetitive and we are of the opinion that the court did not err in refusing it.
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Instruction D-4 was refused, but it dealt with possession of a controlled substance, not conspiracy.