486 So.2d 1247 (1986)
Johnny McCray
v.
STATE of Mississippi.
No. 55767.
Supreme Court of Mississippi.
March 26, 1986.
*1248 Clarence R. Scales, Scales & Scales, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ANDERSON, Justice, for the Court:
This appeal is from a conviction rendered in the County Court of Rankin County wherein Johnny McCray was found guilty of conspiracy. From a sentence of ten years imprisonment, with five years suspended and a $5,000 fine, McCray prosecutes this appeal. We reverse.
On March 9, 1983, Jackson Narcotics Agents were alerted by Florida Airport Drug Enforcement Agency officials that three males were en route to the Jackson Municipal Airport carrying one blue and two brown suitcases. One of the men was identified as Bernard Lucas, who was suspected of being involved in illegal drug activities. It was known to the agents that Lucas had purchased with cash a one-way ticket to Florida on the day before. The other suspects were appellant McCray and his 18-year-old brother-in-law, Jerry Lee.
When the agents arrived at the airport about 6 p.m. they observed the three pieces of luggage described to them which had arrived on an earlier flight. They were in the baggage area of the airport and two of the pieces had the name "Bernard Lucas" on them. The agents brought in a drug-detecting dog to sniff the bags. The dog, *1249 however, reacted positively to only the suitcase belonging to the appellant, Johnny McCray.
The three suspects arrived shortly thereafter and picked up the bags and proceeded to a waiting car driven by appellant's wife. The agents approached the three suspects as they were about to enter the car. The agents identified themselves and asked to talk with them. The suspects consented. The agents conducted a pat-down of the subjects and took $9,766 cash from the person of Bernard Lucas. The suspects were then asked to accompany the agents to the airport police office and to bring their bags. The suspects agreed and proceeded to the office.
Upon the agents' request, the suspects produced their airline tickets. While McCray's ticket was in his name, his two companions, Bernard Lucas and Jerry Lee, had used fictitious names. Their explanation was that the airline officials had misspelled their names.
After entering the office, Officer Campbell asked to search their bags. He testified that he informed them of their right to refuse. A search of the baggage by the officers revealed only marijuana residue, or gleanings, in each of the bags. There was less than a gram of marijuana found altogether. The officers also found $6,000 cash in a shoulder bag carried by the appellant.
The suspects were then arrested and subsequently indicted on a charge of feloniously conspiring to sell, barter, transfer, manufacture, distribute, dispense and possess with intent to sell, barter, transfer, manufacture, distribute and dispense a controlled substance, marijuana.
The case was transferred from circuit court to county court. The three subjects were jointly indicted on conspiracy charges. Appellant McCray made a motion for severance of this trial, which was granted.
At trial, the appellant and Jerry Lee both testified that the purpose of the trip to Florida was to purchase a van. They had planned to drive it home but the appellant decided that he did not like it after all. He called and invited Lucas, who was also in the market for a van, to come to Florida to see if he could find one. Upon failing to find one that either of them liked, they decided to return to Mississippi.
After trial the jury found the appellant guilty of conspiracy.
The first argument of appellant is that the evidence was obtained as a result of an improper arrest and an illegal search and seizure in violation of the Fourth Amendment to the United States Constitution. Officials may make a warrantless search of a piece of luggage, with the owner's consent. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497, rehearing denied 448 U.S. 908, 100 S.Ct. 3051, 65 L.Ed.2d 1138 (1980); Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). However, even when the owner of the luggage gives his consent to a search, that consent may be tainted if the owner of the luggage was previously subjected to an improper seizure. In Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983), the United States Supreme Court held that an airport search of luggage for controlled substances was invalid, because
[a]t the time Royer produced the key to his suitcase, the detention to which he was then subjected was a more serious intrusion on his personal liberty than is allowable on mere suspicion of criminal activity. 460 U.S. at 502, 103 S.Ct. at 1326, 75 L.Ed.2d at 239.
According to Royer, improper seizure results when an investigative stop of a suspect exceeds its limitations. An investigative stop of a suspect may be made even where officials have no probable cause to arrest the suspect, as long as they have "a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony... ." United States v. Hensley, 469 U.S. 221, 105 S.Ct. 675, 681, 83 L.Ed.2d 604, 612 (1985); or "some objective manifestation that the person stopped is, or is about to *1250 be, engaged in criminal activity," United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 628 (1981); on remand 653 F.2d 1253, cert. denied, 455 U.S. 923, 102 S.Ct. 1281, 71 L.Ed.2d 464, reh'g denied 455 U.S. 1008, 102 S.Ct. 1648, 71 L.Ed.2d 877 (1982). See also, United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983).
Place recognized that, where an officer's reasonable suspicion is aroused, a brief detention of luggage for exposure to a trained drug sniffing dog falls within the scope of an investigative stop. The detention of luggage in Place was invalidated by the court, on grounds that the ninety minute delay exceeded a normal investigative stop.
Where a detention of luggage or of the person exceeds the scope of an investigative stop, it approaches a seizure. To justify a search and seizure without a warrant, the state must show probable cause for arrest. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The standard for a showing of probable cause is something less than the standard of proving a crime beyond a reasonable doubt. As the court held in Adams v. Williams, 407 U.S. 143, 149, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612, 618 (1972):
Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction.
This Court reiterated that standard in Gandy v. State, 438 So.2d 279 (Miss. 1983), that in order for an officer to make a lawful arrest, it is not necessary that he have sufficient information in order to convict but that he entertain a reasonable belief that the party is involved in illegality  "a belief rising above mere unfounded suspicion."
In this case, the officers in observing certain characteristics of the often used drug courier profile clearly had probable cause to stop and question the appellant. The appellant had (1) made a trip to a "source city", (2) purchased a one-way ticket, (3) made a long distance trip with a short turn around, (4) checked a suitcase that was not completely full, (5) was accompanied by persons who used fictitious names, even though he did not do so himself, and (6) claimed luggage which a drug-detecting dog had indicated contained narcotics. Only about ten minutes elapsed between the stop and the arrest.
If consent to search follows an investigative stop that does not exceed the prescribed limitations, the consent is valid. Furthermore, if consent to search follows a seizure which is based on probable cause, as in this case, consent is unnecessary. If consent to search is not tainted, the voluntariness of that consent is tested by examination of the totality of circumstances surrounding the search. United States v. Mendenhall, supra: Schneckloth v. Bustamonte, supra.
In summary, we find that the search of luggage in this case did not violate the Fourth Amendment rights of Johnny McCray. We affirm the trial court's finding that McCray consented to the search of his luggage and, even if the initial stop of McCray amounted to a seizure, the officers had probable cause to do so.
McCray did not assert any violation of section 23 of the Mississippi Constitution, which also protects against unreasonable search and seizure. We are aware of the case of Penick v. State, 440 So.2d 547 (Miss. 1983), in which this Court addressed the issue of whether a search at an airport violated section 23 of the Mississippi Constitution. In Penick, this Court held that the defendant was searched without probable cause, and that he had not given meaningful consent to the search. However, the facts of this case are clearly different from Penick, which, in any event, was not argued on appeal.
The second and most persuasive of appellant's arguments is that the jury verdict of guilty on a charge of conspiracy is contrary to the overwhelming weight of the evidence. We agree.
*1251 A conspiracy exists where two or more persons agree to accomplish any unlawful purpose or to accomplish a lawful purpose by any unlawful means. Mississippi Code Annotated, Section 97-1-1 (1972). The offense is complete without showing an overt act in furtherance of the conspiracy. Norman v. State, 381 So.2d 1024 (Miss. 1980); Moore v. State, 290 So.2d 603 (Miss. 1974).
In the case sub judice, it is contended that the appellant, and others, agreed to sell, barter, transfer, distribute, dispense and possess with intent to sell, barter, transfer, distribute and dispense marijuana in violation of MCA § 41-29-139(a)(1).
This Court in Griffin v. State, 480 So.2d 1124 (Miss. 1985), reiterated the well-established principle of conspiracy. There must be recognition on the part of the conspirators that they are entering into a common plan and knowingly intend to further its common purpose. McDonald v. State, 454 So.2d 488 (Miss. 1984). If there is an agreement, then knowledge of that agreement follows. The agreement need not be formal or express, but may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators. The principle is stated in 16 Am.Jur.2d Conspiracy § 42 (1979), as follows:
The trial court is allowed great discretion in the reception of circumstantial evidence, for conspiracy generally must be proved by a number of indefinite acts, conditions, and circumstances varying with the purpose to be accomplished. Where it is shown that the defendants by their acts pursued the same object, one performing one part and the other performing another part so as to complete it or the view to its attainment, the jury will be justified in concluding that they were engaged in a conspiracy to effect that object.
Based on the facts that (1) appellant and Jerry Lee flew together to Miami-Ft. Lauderdale using one-way tickets, (2) Bernard Lucas joined them later using a one-way ticket, (3) the three returned from Florida, with Lucas and Lee using false names, (4) all three pieces of the luggage had marijuana residue, (5) the appellant and Lucas had large sums of cash on their persons, and (6) the parties told somewhat contradicting stories regarding their activities in Florida, the appellant was found guilty of conspiring to sell, barter, transfer, and distribute marijuana.
While the conduct of the appellant and others raises strong suspicion of illegal involvement in drug related activities, the state has failed to show what the parties had intended or agreed to do. In Neal v. State, 451 So.2d 743 (Miss. 1984), this Court stated:
It is hornbook criminal law that before a conviction may stand the State must prove each element of the offense. McVeay v. State, 355 So.2d 1389, 1391 (Miss. 1978). Not only is this a requirement of the law of this State, due process requires that the State prove each element of the offense beyond a reasonable doubt. Patterson v. York, 432 U.S. 197, 210, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281, 292 (1977); Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560, 576-577 (1979). (451 So.2d at 757)
The agents' investigation yielded only scant circumstantial evidence that the trio was "up to something." What they were up to remains to be shown. While many conspiracy cases must, by nature, be based on circumstantial evidence, there must also be sufficient evidence to establish what the parties acting in concert conspired to do. There is strong suspicion, but hardly any evidence that appellant expressly or impliedly agreed to go and purchase, sell or transfer any marijuana. There was, in fact, no marijuana, merely residue or gleanings to indicate that the appellant or some other person at some point in time probably carried marijuana in his suitcase.
There was barely enough evidence of marijuana found to provide adequate testing. The officers themselves testified that the total amount was less than a gram.
*1252 The arresting officer also testified to the insufficiency of the evidence:
... I then searched one of the  opened one of the brown bags and it had a very small amount of marijuana debris. I then took the other bag and went to the hall and asked Captain Lindsey if he would accompany me to the officer next to the sergeant's office. I wanted him  I was going to ask him something and I wanted him away from the sound or hearing of the three suspects. As I was opening the other bag, I advised Captain Lindsey, I said: "Now, we don't have, we didn't find any dope, let's charge them with conspiracy." and he said that it looked like we had reason or we had probable cause to charge them with conspiracy to possess marijuana, and I finished opening that bag and there was also a very, very small amount of marijuana debris in the suitcase. Nothing else was in the two brown suitcases, and we went back into the room, into the sergeant's office... .
Such testimony by the arresting officer that conspiracy charges were brought because of failure to establish evidence or grounds for any crime detracts even more from an already weak evidentiary basis. It would appear from the evidence that the most that he could be charged with under the circumstances would be possession of less than one gram of marijuana, a misdemeanor. It would also appear that the charge of conspiracy was more or less conjured up after there was no evidence found to support any other conviction. The charge was based on conjecture or speculation propounded by the officers that the parties probably went to Florida to buy drugs, failed to make the connection and came back with their money. This however, was in no way proven, nor was any other plan or attempt to do anything other than possess a small amount of marijuana.
Based on a thorough examination of the law and facts pertaining to this case, we find that the weight of the evidence was insufficient to sustain the jury verdict of guilty. We therefore reverse and render.
REVERSED AND DEFENDANT DISCHARGED.
PATTERSON, C.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
WALKER and ROY NOBLE LEE, P. JJ., dissent.
WALKER, Presiding Justice, dissenting.
I respectfully dissent from the majority releasing and discharging McCray. There is more than ample evidence, in my opinion, upon which the jury properly based its verdict that McCray was guilty of conspiracy to possess marijuana, a controlled substance.
The evidence which the jury could have believed was: the appellant (1) made a trip to a "source city", (2) purchased a one-way ticket, (3) made a long distance trip with a short turn around, (4) checked a suitcase that contained marijuana gleanings, (5) was accompanied by persons who used fictitious names and had checked empty suitcases except for marijuana gleanings, (6) claimed luggage which a drug-detecting dog had indicated contained marijuana, and the three (3) of whom had $15,766.00 in cash. McCray himself had $6,000.00 cash in bundles of $500.00 each.
In my opinion, reasonable jurors could infer from the above evidence that McCray conspired with the other two accomplices to possess marijuana. Upholding the sentence and conviction of McCray would in no way impinge upon or do harm to the protection afforded citizens by the Constitution of the United States or the Constitution of Mississippi.
The opinion of the circuit court should be affirmed.
ROY NOBLE LEE, P.J., joins in this dissent.