ROBERTSON, Justice,
for the Court:
I.
Today’s appellant asks that we review his conviction of conspiracy to commit grand larceny upon which he has been sentenced as an habitual offender. Presented are questions regarding admission of evidence and the sufficiency thereof, and, as well, instructions to the jury. Upon careful review, we find no error and affirm.
II.
A.
On October 30,1986, the Peoples Bank of Senatobia, Mississippi was geared up for Halloween, 1986. The skeleton was hung on the wall behind the tellers, construction paper pumpkins posted throughout the bank. According to the testimony of teller Dorothy Matthews, two men, one a “light complected” man, the other dark, came to the teller window which she had womanned for seven years and asked first for change of a five dollar bill, then for some coin wrappers. Matthews turned away and one of the men reached into the cash drawer and removed some $750.00. Matthews returned with the wrappers, handed them to the men, and said “y’all come back”.
In point of fact, the trick was on the goblins, as the pilfered money was “bait money” which triggered a surveillance camera that began shooting three pictures per second. The photographs show, crystal clear, a dark complected man reaching into a teller’s drawer, and withdrawing an unidentified bundle, while the lighter complected man stood by, altematingly watching the other man and looking about the area. Today’s appellant, John Wiley Ford, was identified in court as the lighter complected man.
The next day, October 31, 1986, they did it again. Ford and his companion journeyed to West Memphis, Arkansas, entered the First National Bank of West Memphis, approached a teller’s window and again asked for coin wrappers. The teller turned to comply and when she returned, her bait money had been stolen. As in Senatobia, Ford’s performance was recorded for posterity by the bank’s surveillance camera.
B.
On March 23,1987, Ford and his companion, Marion Anderson, were jointly charged in a two count indictment returned by the Tate County Grand Jury, first, with the offense of grand larceny of the Peoples Bank, Miss.Code Ann. § 97-17-41 (1972), and, second, with conspiracy to commit grand larceny, Miss.Code Ann. § 97-1-1(a) *688 (1972). Ford was also charged as an habitual offender. In due course, the charges against Ford were brought on for separate trial, whereupon Ford was found guilty of the conspiracy count. The jury was unable to return a verdict on the grand larceny count and the Court declared a mistrial. Thereafter, the Circuit Court sentenced Ford to five years imprisonment in the custody of the Mississippi Department of Corrections without eligibility for probation or parole. Miss.Code Ann. §§ 97-1-1 and 99-19-81 (Supp.1989).
From that conviction and sentence, Ford prosecutes the present appeal.
III.
Ford first argues that the Circuit Court erred when it granted the instruction requested by the prosecution submitting to the jury the conspiracy charge. The substance of Ford’s point appears to be that the evidence is insufficient as a matter of law to have entitled the prosecution to go to the jury on the conspiracy count. In more conventional parlance, Ford is arguing that the Circuit Court should have directed a verdict of acquittal notwithstanding the verdict of the jury.
Evidentially, Ford characterizes the prosecution’s proof as a series of photographs in the Peoples Bank and at the teller's window — and nothing else. Mississippi law, he correctly argues, does not recognize guilt by such mere association. Davis v. State, 485 So.2d 1055, 1058 (Miss.1986); McDonald v. State, 454 So.2d 488, 493 (Miss.1984); Matula v. State, 220 So.2d 833, 836 (Miss.1969).
A conspiracy is said to be a combination of persons to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully. Norman v. State, 381 So.2d 1024, 1028 (Miss.1980); Mississippi Power and Light Co. v. Town of Coldwater, 234 Miss. 615, 636, 106 So.2d 375 (1958). A conspiracy is a completed offense, Ellis v. State, 326 So.2d 466, 468 (Miss.1976), requiring proof of no overt act done in pursuance thereof. Peoples v. State, 501 So.2d 424, 428 (Miss.1987); McCray v. State, 486 So.2d 1247, 1251 (Miss.1986); Griffin v. State, 480 So.2d 1124, 1126 (Miss.1985); Norman v. State, 381 So.2d at 1028; Moore v. State, 290 So.2d 603, 604 (Miss.1974).
Conspiracy is a cognitive offense. A conspirator to offend our law must intend a common plan and know its common purpose. Taylor v. State, 536 So.2d 1326, 1328 (Miss.1988); McCray v. State, 486 So.2d at 1251; Griffin v. State, 480 So.2d 1124, 1126 (Miss.1985); McDonald v. State, 454 So.2d 488, 495 (Miss.1984). If there is an agreement, then knowledge of that agreement follows. The agreement need not be formal or express, but may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators. McCray v. State, 486 So.2d at 1251. The crime of conspiracy does not become merged in the substantive crime, if any, subsequently consummated. Norman, 381 So.2d at 1028.
The evidence before us establishes that on October 31, 1986, Ford and Anderson entered the Peoples Bank of Sen-atobia, approached the teller’s window together, and as the two stood there, Anderson induced teller Matthews to leave in search of coin wrappers, and then lifted the bait money while Ford stood lookout. The two left the bank together, only to appear in West Memphis the next day to again practice their pattern of pilferage.[1] That proof of an overt act may not be prerequisite to a conspiracy conviction hardly suggests that proof of two such acts, completed crimes in and of themselves, are insufficient to raise a powerful inference of a knowing and common plan to steal from banks. Osborne v. State, 99 Miss. 410, 425, 55 So. 52 (1910).
Having in mind our familiar and limited scope of review, we find the evidence adduced at trial more than sufficient to undergird a valid and enforceable judgment that John Wiley Ford stand convicted of conspiracy to commit grand larceny. Tay *689 lor v. State, 536 So.2d 1326, 1329 (Miss. 1988); Peoples v. State, 501 So.2d 424, 427-29 (Miss.1987); Temple v. State, 498 So.2d 379, 381, 382 (Miss.1986); Gray v. State, 487 So.2d 1304, 1311 (Miss.1986); Davis v. State, 485 So.2d 1055, 1058 (Miss. 1986).
IV.
Ford next argues that the Circuit Court erred when it refused to submit to the jury the so-called circumstantial evidence instruction. He cites such cases as Keys v. State, 478 So.2d 266, 267 (Miss. 1985) wherein the Court stated
It is the law in this state, where the evidence of the prosecution is wholly circumstantial in nature, the accused is entitled upon request to have the jury instructed that, before they may convict, they must find that each element of the offense has been established beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence.
On the question of'exactly what state of the record requires granting the instruction, Keys went on to say
A correct statement is that the instruction must be given only where the prosecution is without a confession and wholly without eyewitnesses to the gravaman of the offense charged.
Keys, 478 So.2d at 267; Williamson v. State, 512 So.2d 868, 880 (Miss.1987); Boches v. State, 506 So.2d 254, 260 (Miss. 1987); Clark v. State, 503 So.2d 277, 278-79 (Miss.1987).
Ford’s point, if we correctly perceive it, is that the combination of agreement is the gravaman of the offense and there is no direct “eyewitness” testimony to that. Moreover, Ford has made no confession. Neither the prosecution nor the defense on this appeal addresses the question whether, as a matter of law, the circumstantial evidence instruction is — or is never — appropriate in a conspiracy case. We have preter-mitted the question on at least one occasion. Griffin v. State, 480 So.2d 1124, 1127 (Miss.1985), and do so again today.
The quick answer is that the prosecution produced unequivocal, human eyewitness testimony from bank tellers in Senatobia and West Memphis of Ford’s presence at the heists, not to mention the far more convincing evidence of that photographic eyewitness at the Peoples Bank of Senato-bia, the Diebold surveillance camera. This direct evidence of overt acts inferring a conspiracy would be sufficient to take the case outside the circumstantial evidence rule even if it applied.
The assignment of error is denied.
V.
Ford next assigns error in the Circuit Court’s overruling his objection to the testimony of the theft from the bank in West Memphis, Arkansas. It will be recalled that Gloria Carter, a teller at the First National Bank of West Memphis, was presented by the prosecution and testified that she was a teller at the bank and that she witnessed Ford and Anderson practice their plan at her bank. The grounds for the objection were and are that this testimony presents evidence of another crime for which Ford was not indicted and is not on trial.
The prosecution argues that evidence of the West Memphis bank larceny was admissible to prove plan or knowledge, i.e., modus operandi. Rule 404(b), Miss.R.Ev. Were we concerned with a conviction of bank larceny, the point would be apt. See United States v. Hayes, 553 F.2d 824, 828 n. 9 (2d Cir.1977). Ford, however, was not convicted of grand larceny, but of conspiracy.
We regard the point controlled by the relevancy rules, Rules 401-403, Miss.R.Ev. These rules carry forward our traditional view that in a conspiracy prosecution, the range of relevant evidence is quite wide. Peoples v. State, 501 So.2d 424, 429 (Miss. 1987); McCray v. State, 486 So.2d 1247, 1251 (Miss.1986); Griffin v. State, 480 So.2d 1124, 1126 (Miss.1985). That Ford and Anderson went into the West Memphis bank and reenacted essentially the same manner of theft as had occurred the day before in Senatobia is evidence which most *690 certainly has a tendency to make the fact that they were acting according to a predetermined plan or agreement more probable than it would be without that evidence, nor is the probative value of such evidence substantially outweighed by the danger of unfair prejudice to Ford.
The assignment of error is denied.
VI.
Ford presents a final assignment of error which merits neither discussion nor reversal. Ponthieux v. State, 532 So.2d 1289, 1248 (Miss.1988); Kennedy v. State, 531 So.2d 638 (Miss.1988); Smith v. State, 528 So.2d 300 (Miss.1988); Morea v. State, 329 So.2d 527 (Miss.1976).
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.

. That a part of the object of the conspiracy lay in another jurisdiction is of no moment. See Pruett v. State, 431 So.2d 1101, 1103-05 (Miss. 1983).