# IN THE COURT OF APPEALS

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-00194 COA

*COREY BANKS*

*APPELLANT*

*v.*

*STATE OF MISSISSIPPI*

*APPELLEE*

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. KEITH STARRETT

COURT FROM WHICH APPEALED: LINCOLN COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

WILLIAM D. BOERNER

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: BILLY L. GOREDISTRICT ATTORNEY: DUNN LAMPTON

NATURE OF THE CASE: CRIMINAL: CONSPIRACY TO SELL COCAINE

TRIAL COURT DISPOSITION: CONSPIRACY TO SELL COCAINE: SENTENCED TO 20 YEARS IN THE CUSTODY OF MDOC; ORDERED TO PAY COURT COSTS AND A $30,000 FINE

MOTION FOR REHEARING FILED:7/30/97

CERTIORARI FILED: 10/20/97

BEFORE BRIDGES, C.J., HERRING, AND PAYNE, JJ.

PAYNE, J., FOR THE COURT:

Corey Banks was convicted of conspiracy to sell cocaine and thereafter sentenced to serve a term of twenty (20) years in the custody of the Mississippi Department of Corrections and ordered to pay a fine in the amount of $30,000. Banks raises four issues on appeal to this Court: (1) the trial judge erred in failing to grant Banks's motion for a mistrial made during the testimony of Horace McMorris, a co-indictee, concerning Banks's prior bad acts; (2) the trial court erred in failing to grant a mistrial upon motion by Banks when two of the jurors failed to report for duty on the morning of the second day of trial; (3) the trial court erred in failing to grant Banks's request for a directed verdict at the close of the State's case-in-chief because the State failed to prove that Banks conspired with *all* of the co-conspirators named in the indictment as opposed to one or more of the named co-conspirators; and (4) the jury verdict was against the overwhelming weight of the evidence.

## FACTS

Corey Banks was jointly indicted with nine others for conspiracy to commit the crime of unlawful sale of cocaine. The conspiracy was alleged to have taken place on or before September 6, 1994. Nine witnesses testified for the State during its case-in-chief, including Horace McMorris and Anthony Snell, two co-indictees who turned State's evidence in exchange for guilty pleas and lenient sentences. Banks neither testified nor produced any witnesses in his own defense. Feeling aggrieved, Banks appeals.

## ANALYSIS

## I. DID THE COURT ERR IN FAILING TO GRANT BANKS'S MOTION FOR MISTRIAL MADE DURING THE TESTIMONY OF HORACE MCMORRIS?

Banks filed a pre-trial motion in limine upon being apprised of the State's intent to rely upon alleged prior bad acts of the defendant as part of the State's proof of conspiracy. The trial court ruled that the State would be allowed to use the incident at the airport in New Orleans involving Horace McMorris but all other alleged bad acts would be held "until such time as their relevance is established and there is some qualification as to how it would be admissible." Banks contends that the court violated its own ruling as well as Mississippi Rule of Evidence 404(b) when it allowed McMorris to testify that Banks was with him in 1992 when he purchased drugs in Jackson, Mississippi. Banks argues that McMorris's acknowledgment of Banks's presence at another time and another place was extremely prejudicial to him because "the State was allowed to throw in this event where McMorris bought drugs in 1992 with the Defendant present without any evidence whatsoever presented by the State with regard to a connection or apparent relation between the act proposed to be proved and that charged . . . ." Banks argues any interrelation or interconnection was too remote in time to be both probative and admissible.

The State responds that the testimony by McMorris is admissible in a conspiracy case because the range of relevant evidence is "quite wide." The State also points out that a defendant is entitled to a

mistrial only if there occurs during the trial an error or legal defect in the proceeding resulting in substantial and irreparable prejudice to the defendant's case. The State contends that the decision to grant a mistrial is discretionary and that the judge did not abuse his discretion.

We agree with the argument presented by the State. While Banks is correct that evidence of other crimes is generally not admissible, the point here is that this case involves conspiracy charges. In that regard, our supreme court has stated:

[The Mississippi Rules of Evidence] carry forward our traditional view that in a conspiracy case prosecution, the range of relevant evidence is quite wide. *Peoples v. State*, 501 So. 2d 424, 429 (Miss. 1987); *McCray v. State*, 486 So. 2d 1247, 1251 (Miss. 1986); *Griffin v. State*, 480 So. 2d 1124, 1126 (Miss. 1985). That Ford and Anderson went into the West Memphis Bank and reenacted essentially the same manner of theft as had occurred the day before in Senatobia is evidence which most certainly has a tendency to make the fact that they were acting according to a predetermined plan or agreement more probable than it would be without that evidence, nor is the probative failure of such evidence substantially outweighed by the danger of unfair prejudice to Ford.

*Ford v. State*, 546 So. 2d 686, 689-90 (Miss. 1989).

In a similar case in which the defendant was convicted of possession with intent to sell, our supreme court upheld the admission of testimony that the defendant had been in the marijuana selling business for over one and a half years. *Perry v. State*, 637 So. 2d 871, 874 (Miss. 1994). We find that no error was committed in allowing McMorris to testify to Banks's prior bad acts. Therefore, Banks was not entitled to a mistrial.

## II. DID THE TRIAL COURT ERR IN FAILING TO GRANT A MISTRIAL WHEN TWO FEMALE JURORS FAILED TO REPORT FOR DUTY ON THE MORNING OF THE SECOND DAY OF TRIAL?

Banks contends that the trial judge abused his judicial discretion when he failed to grant Banks's motion for a mistrial made after two of the twelve jurors failed to show up for jury duty at 9:00 a.m. on the second day of trial. At 11:00 a.m., one of the absent jurors was located and reported for jury duty. The juror claimed that she misunderstood a telephone recording when she called the courthouse that indicated that jurors were not to report for duty that morning. She indicated that she thought the trial had been postponed. The second juror that failed to report could not be located, and she was replaced by an alternate juror. Banks argues that the substitution of the alternate juror does not conform to the requirements of Section 13-5-67 of the Mississippi Code which provides that an alternate juror may be substituted if a juror becomes *unable* or *disqualified* to perform his duties. Banks contends that the absent jurors were neither unable nor disqualified, they just did not show up. Banks argues that the integrity of the general instructions given to the jury by the court at the beginning of the trial on the previous day was certainly in jeopardy, and that the two absent jurors, at least for a time on that day, were under the honest impression that they had no further obligation to the court. Banks also argues that the distraction to the rest of the jury as a result of the delay is enough to warrant a mistrial.

The State argues that the trial court did nothing to violate Section 13-5-67 of the Mississippi Code

nor did the conduct of the judge or jurors result in "substantial and irreparable prejudice" to Banks's case. We agree. "The decision to declare a mistrial is within the sound discretion of the trial judge. To find error from a trial judge's failure to declare a mistrial, there must have been an abuse of discretion." *Brent v. State*, 632 So. 2d 936, 941 (Miss. 1994). Rule 3.12 of the Uniform Circuit and County Court Rules also addresses the issue of declaring a mistrial:

Upon motion of any party, the court may declare a mistrial if there occurs during the trial, either inside or outside the courtroom, misconduct by the party, the party's attorneys, or someone acting at the behest of the party or the party's attorney, resulting in substantial and irreparable prejudice to the movant's case.

In the present case, Banks makes no showing of prejudice to his case. The concerns Banks expresses regarding juror Karon King, who showed up two hours late, were negated by Mrs. Kings's testimony that she was never under the impression that her obligations to the court had ended. Mrs. King indicated that she merely thought that the trial had been postponed. Mrs. King stated further that she had not discussed the case with anyone. We find that the judge did not abuse his discretion in accepting Mrs. King's explanation and permitting her to continue her service as a juror.

We also find Banks's argument regarding the alternate juror to be equally unfounded. As the State correctly points out, an alternate juror may be substituted prior to the time the jury retires to deliberate if one of the regular jurors becomes unable or disqualified to perform her duties. Miss. Code Ann. 13-5-67 (1972). *See also Balfour v. State*, 598 So. 2d 731, 754 (Miss. 1992) ("[W]here a regular juror is disqualified, this Court has approved substitution of an alternate juror where this is done before the jury retires to begin deliberations."). We believe, contrary to Banks's interpretation of the code section, that an *absent* juror is *unable* to perform her duties. Therefore, substitution of the alternate juror was the appropriate move by the trial judge in this situation.

## III. DID THE TRIAL COURT ERR IN FAILING TO GRANT BANKS'S MOTION FOR A DIRECTED VERDICT?

The indictment stated that Banks and nine named individuals "did willfully, unlawfully, feloniously and knowingly conspire and agree, each with the other, and with some other person or persons to the Grand Jurors unknown, to . . . commit the crime of unlawful sale of cocaine." Banks argues that he was entitled to a directed verdict because the State failed to prove that he conspired with *each* of the nine named individuals in the indictment. Banks argues further that the trial court erred in instructing the jury that the State need only prove beyond a reasonable doubt that the defendant conspired with one or more of said co-conspirators. Banks asserts that the judge should have given his instructions which stated that the State had the burden of proving a conspiracy between all of the named co-conspirators.

The State argues that they did not have to prove conspiracy with each of the nine individuals named in the indictment because a conspiracy is complete when two or more persons combine and agree to accomplish an unlawful purpose. The State contends that the indictment merely contained surplusage, or stated differently, the State alleged more than it had to prove. We agree.

Rule 7.06 of the Uniform Circuit and County Court Rules, in pertinent part, explains that an indictment shall include the following:

The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him. Formal or technical words are not necessary in an indictment, if the offense can be substantially described without them.

"The major purpose of an indictment is to furnish the accused such a description of the charges against him as will enable him to adequately prepare his defense." *King v. State*, 580 So. 2d 1182, 1185 (Miss. 1991). *See also Cantrell v. State*, 507 So. 2d 325, 329 (Miss. 1987) ("The rule in this state is that an indictment which states the statutory language is generally sufficient to inform the accused of the charge against him."). In the present case, this Court has perused the indictment and concludes that it comported with relevant law--i.e., Banks was sufficiently apprised of the offense with which he was charged. We find that the failure of the State to prove that Banks conspired with each of the named individuals in the indictment to be of no import. As the State correctly points out, a conspiracy is complete when two or more persons combine and agree to accomplish an unlawful purpose. *Thomas v. State*, 591 So. 2d 837, 839 (Miss. 1991). It was not necessary for the State to prove that Banks conspired with each of the other nine co-conspirators. Such being the case, we now turn to the issue of sufficiency.

A challenge to the sufficiency of the evidence requires consideration of the evidence before the court when made, so that this Court must review the ruling on the last occasion when the challenge was made at the trial level. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993). This occurred when the trial court overruled Banks's motion for JNOV. The Mississippi Supreme Court has stated, in reviewing an overruled motion for JNOV, that the standard of review shall be:

[T]he sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [Banks's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.

*Id.* (citations omitted).

In the present case, Banks is correct that the chief evidence tending to implicate him in any conspiracy was presented by three convicted felons: McMorris, Cooper, and Snell. McMorris testified that Banks had a monetary stake in eleven ounces of cocaine that he (McMorris) purchased in Houston and planned to divide with Banks. Cooper testified that not only was Banks his cocaine supplier but was also supplying others with cocaine in the Lincoln County area. Snell testified that he would get the drugs to Brookhaven and that Banks would sell them for him. The evidence consistent with the guilty verdict must be accepted as true. Considering the elements of the crime along with all the evidence in the light most favorable to the verdict, the evidence is not such that reasonable jurors could only find Banks not guilty of conspiracy to sell cocaine. We find that the trial court properly denied Banks's motion for a directed verdict.

IV. WAS THE VERDICT OF THE JURY AGAINST THE OVERWHELMING WEIGHT OF THE

EVIDENCE?

The Mississippi Supreme Court has held that "[t]he jury is charged with the responsibility of weighing and considering the conflicting evidence and credibility of the witnesses and determining whose testimony should be believed." *McClain,* 625 So. 2d at 781 (citations omitted); *see also Burrell v. State*, 613 So. 2d 1186, 1192 (Miss. 1993) (stating that witness credibility and weight of conflicting testimony are left to the jury); *Kelly v. State*, 553 So. 2d 517, 522 (Miss. 1989) (stating that witness credibility issues are to be left solely to the province of the jury). Furthermore, "the challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion." *McClain*, 625 So. 2d at 781 (citing *Wetz v. State*, 503 So. 2d 803, 807-08 (Miss. 1987)). The decision to grant a new trial "rest[s] in the sound discretion of the trial court, and the motion [for a new trial based on the weight of the evidence] should not be granted except to prevent an unconscionable injustice." *Id.* This Court will reverse only for abuse of discretion, and on review will accept as true all evidence favorable to the State. *Id.*

In the present case, the jury heard the witnesses and the evidence as presented by the State. As stated previously, the State presented the testimony of co-conspirators McMorris, Cooper, and Snell who each implicated Banks in the conspiracy to sell cocaine in Lincoln county. The trial court subsequently instructed the jury that the testimony of an accomplice should be viewed with "great caution and suspicion" and should not be considered proof against the defendant if "improbable, or materially self-contradictory, or questionable." *See Clemons v. State*, 535 So. 2d 1354, 1358 (Miss. 1988) ("The testimony of a co-indictee or a co-conspirator, if not improbable, or materially self-contradictory, or thoroughly impeached, is sufficient to sustain a conviction."). The jury's decision to believe the State's evidence and witnesses was well within its discretion. Moreover, the jury was well within its power to weigh the evidence and the credibility of the witnesses' testimony and to convict Banks. The trial court did not abuse its discretion by refusing to grant Banks a new trial based on the weight of the evidence. The jury verdict was not so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to promote an unconscionable injustice. The trial court properly denied Banks's motion for a new trial.

**THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF CONSPIRACY TO SELL COCAINE AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $30,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LINCOLN COUNTY.**

**BRIDGES, C.J., THOMAS, P.J., HERRING, AND HINKEBEIN, JJ., CONCUR. McMILLIN, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COLEMAN, DIAZ, KING, AND SOUTHWICK, JJ.**

**7/1/97**

### IN THE COURT OF APPEALS

### OF THE

*COREY BANKS APPELLANT*

*v.*

*STATE OF MISSISSIPPI APPELLEE*

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

McMILLIN, P.J., DISSENTING:

I respectfully dissent and would reverse this conviction. Banks claims that the State's case failed as a matter of law because the prosecution did not present credible proof that every named individual in the indictment was involved in the conspiracy to traffic narcotics. The State counters with the proposition that a conspiracy necessarily involves only two people, and the State's proof was sufficient to sustain a conviction since the prosecution proved beyond reasonable doubt an agreement between Banks and at least one other individual named in the indictment. It appears to me that both arguments are flawed, and that, as is often the case, the truth lies somewhere between. As to Banks's argument, there is long-established authority that the acquittal of one member of a multi-person conspiracy does not prevent the conviction of the remaining conspirators. *See, e.g., United States v. Tarpley,* 945 F.2d 806, 810 (5th Cir. 1991); *State v. Rogers,* 664 A.2d 291, 303 (Conn. App. 1995); *see also* 16 AmJur 2d, *Conspiracy* 24-26 (1979). Since a judgment of acquittal, at least in the eyes of the law, is a finding of non-participation, this would seem to put Banks's argument to rest.

On the other hand, the State's argument fails to take into account the fact that the purpose of an indictment is to fairly apprise the defendant of the crime with which he is charged with sufficient specificity to permit him to mount a meaningful defense and to avoid double jeopardy should he be acquitted. *U.S. v. Gordon,* 780 F.2d 1165, 1170 (5th Cir. 1986). The State ought not to be permitted, in effect, to fire a shotgun blast in the general direction of the defendant and claim a conviction if one pellet happens to strike him. That seems essentially what was done in this case. If the State elects to charge a conspiracy of the proportion it suggested in this indictment, then it ought to be required to prove that a conspiracy of at least substantially similar magnitude did, in fact, exist. By any reasonable standard, I would conclude that the State failed in that effort in this case.

The majority sustains the conviction in part upon an episode involving McMorris and Banks at the New Orleans Airport where McMorris was arrested in possession of $6,000 worth of illegal drugs, the purchase of which McMorris claimed he and Banks had jointly financed for subsequent distribution in Lincoln County. There is not a scintilla of evidence that any other individual named in the indictment had any knowledge of this venture, much less participated in it in any manner. Nor is there any hint that this drug purchase was a part of an existing over-arching plan for drug dealing involving anyone other than McMorris and Banks. Thus, this evidence proved, at best, a separate

conspiracy that could not have involved any other persons. To charge up to ten other people with participating in this conspiracy is certainly misleading and would not seem to fairly inform the defendant of what conspiracy the State intended to prove.

If that incident is the conspiracy relied upon by the State to sustain this conviction, then it would appear to me that the proof was at material variance from the crime charged in the indictment. If, on the other hand, that is not the conspiracy relied upon by the State, then the majority errs in relying on those events to sustain this conviction, and even the admissibility of that evidence becomes a highly questionable proposition.

The riddle of the purpose of this evidence cannot be answered with any degree of certainty in my mind. This illustrates the almost hopeless situation in which this defendant finds himself. It is essentially impossible to determine which of the acts proven at trial were claimed to be undertaken as a part of the charged conspiracy and which acts were offered merely to make the defendant's propensity to participate in such a conspiracy more likely. While the State may be permitted to charge a conspiracy in somewhat general terms, it would appear to me that, by the conclusion of the State's proof in its case-in-chief, there should emerge a reasonably discernable picture of the State's theory of its case. That was not done in this case insofar as I interpret the proof.

Cooper's testimony, the second bit of evidence mentioned by the majority, does little to establish any comprehensive scheme involving Banks and a meaningful number of the remaining indictees. Cooper was not even a named conspirator and seemed to have little or no knowledge of anything other than his own dealings with Banks.

Finally, it would appear that the State may have proven sufficient facts to establish a combination or conspiracy of some nature between Snell and Banks to deal in illegal drugs. However, for essentially the same reasons discussed earlier, I have concluded that such proof, isolated to this one individual, was materially at odds with the essential nature of the crime charged in the indictment. Therefore, though the State may have proved a crime involving Snell and Banks, it was a different crime, based on any fair analysis, from the one set out in the indictment.

In my opinion, Banks's claim of error that the State failed to prove the involvement of all named co-conspirators, though not a totally correct proposition, was sufficiently close to the mark to bring before this Court the substantial variance between the proof at trial and the nature of the charge in the indictment. I find the variance significant enough to require this conviction to be reversed.

**COLEMAN, DIAZ, KING, AND SOUTHWICK, JJ., JOIN THIS SEPARATE WRITTEN OPINION.**