THOMAS, J., for the court.
¶ 1. Bradley Jackson was convicted of two counts of burglary under Mississippi Code Annotated § 97-17-33. Aggrieved he asserts the following:
I. PROBABLE CAUSE DID NOT EXIST FOR JACKSON’S ARREST.
II. THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Finding no error, we affirm.
FACTS
¶ 2. On April 5, 2001, Bradley Jackson was spotted on Trey Norton’s family’s porch by the neighbor across the street, Philip Smith. Smith testified that he witnessed someone on a bicycle put on white gloves and go into the Norton’s vehicles. He then witnessed the same person go around the house and onto the Norton’s porch. Smith then called the police and informed them of what was occurring.
¶ 3. Brookhaven police officer Clinton Earls received a call from the police dispatcher that a white male wearing white gloves was breaking into vehicles. Officer Earls drove to Rogers Circle to investigate at which point he saw Jackson just two houses down from the Norton residence. After stopping Jackson to question him, Earls discovered that Jackson was in possession of a pair of white socks and a hammer with “Trey” burned into the handle. Trey Norton identified the hammer as being his. Jackson was arrested and charged with two counts of burglary.
¶ 4. Smith testified that he witnessed Jackson stop his bicycle at the front of the Norton’s home and put on gloves. He *729 then stated that Jackson burglarized the Norton’s pickup truck and then the Norton’s jeep.
I. DID PROBABLE CAUSE EXIST FOR JACKSON’S ARREST?
¶ 5. Jackson argues that Officer Earls lacked sufficient probable cause to arrest him on April 5, 2001.
¶ 6. To make an arrest without a warrant, an officer must have probable cause that an offense has been committed. The probable cause is “determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act. The determination depends upon the particular evidence and circumstances of the individual cases.” Smith v. State, 386 So.2d 1117, 1119 (Miss.1980). Yet even before an arrest, officers have a right to investigate. Linson v. State, 799 So.2d 890, 893(¶ 7) (Miss.Ct.App.2001).
¶ 7. Officer Earls was told by the dispatcher that a man fitting Jackson’s description was in the same area just minutes before he found Jackson and the time was around three a.m. It was at this point that the officer stopped Jackson to ask him some questions and he discovered that Jackson had white socks in his pocket and a hammer, both of which were included in the description of the burglar.
¶ 8. Law enforcement officers may make an investigative stop, which is a detention of a person short of an arrest. McCray v. State, 486 So.2d 1247, 1249 (Miss.1986). Such a stop may be made even where officers have no probable cause to make an arrest, so long as they have “a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony ... or ‘some objective manifestation that the person stopped is, or is about to be engaged in criminal activity McCray, 486 So.2d at 1249-50. In addition, “an officer may stop and detain a person to resolve an ambiguous situation without having sufficient knowledge to justify an arrest.” Estes v. State, 533 So.2d 437, 441 (Miss.1988) (quoting Griffin v. State, 339 So.2d 550, 553 (Miss.1976)).
¶ 9. Furthermore, this issue was never raised at trial. The failure to raise an issue at trial waives the right to argue the issue on appeal except in rare cases where a fundamental constitutional right is involved. Maston v. State, 750 So.2d 1234, 1237 (¶ 14) (Miss.1999).
¶ 10. It is quite clear from the facts that the arrest was a lawful one based upon witness information and officer corroboration. This issue is without merit.
II. WAS THE JURY VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 11. Jackson argues that the jury verdict was against the overwhelming weight of the evidence because the State failed to prove that Jackson intended to commit a crime even if he did break into the vehicles. Furthermore Jackson asserts a different reason for breaking into the Norton’s vehicles than to take property, he was looking for a phone. He claims that since this is the reason for his breaking into the Norton’s vehicles and the State did not prove otherwise then no intent to steal was present.
¶ 12. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is well settled. “[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.” Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss. *730 1998). On review, the State is given “the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). “Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.” Dudley, 719 So.2d at 182(¶ 8). “This Court does not have the task of reweighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible.” Langston v. State, 791 So.2d 273, 280(¶ 14) (Miss.Ct.App.2001). The law provides:
Jurors are permitted, indeed have the duty, to resolve the conflicts in the testimony they hear. They may believe or disbelieve, accept or reject the utterances of any witness. No formula dictates the manner in which jurors resolve conflicting testimony into finding of fact sufficient to support their verdict. That resolution results from the jurors hearing and observing the witnesses as they testify, augmented by the composite reasoning of twelve individuals sworn to return a true verdict. A reviewing court cannot and need not determine with exactitude which witness or what testimony the jury believed or disbelieved in arriving at its verdict. It is enough that the conflicting evidence presented a factual dispute for jury resolution.
Id. (citing Groseclose v. State, 440 So.2d 297, 300 (Miss.1983)). We see no basis for doubting the verdict. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF TWO COUNTS OF BURGLARY OF AN AUTOMOBILE AND SENTENCE OF SEVEN YEARS ON EACH COUNT TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST SEVEN YEARS SUSPENDED AND FIVE YEARS PROBATION AND FINE OF $3,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST LINCOLN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.