536 So.2d 1326 (1988)
Wallace Charles TAYLOR
v.
STATE of Mississippi.
No. 58320.
Supreme Court of Mississippi.
December 14, 1988.
*1327 F. Kent Stribling and Thomas J. Lowe, Jr., Jackson, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Harrison S. Ford, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.

I.
ROBERTSON, Justice, for the Court:
Lawyers can massage more meaning from a word than is there. Today's case of conspiracy to sell cocaine presents the related phenomenon, lawyers finding a distinction between words where there is no difference. We are told that the court below erred when it instructed the jury that it could convict if it found an implied agreement to sell cocaine, that this is too loose and unstructured, and that the jury should really have been instructed that it could only convict if, from the facts and circumstances, it could infer an agreement to sell cocaine. As the point eludes us, we affirm.

II.
On November 29, 1985, Preston Carter, an undercover narcotics agent for the Jackson Police Department, purchased cocaine from one Willie Earl Brown at Brown's apartment in Jackson. Earlier that afternoon, Carter had approached Brown and sought to buy one gram of cocaine. After making several inquiries, Brown told Agent Carter that he had found an individual who could take care of his needs.
According to Carter, he and Brown were at Brown's apartment. An individual appeared at the door who was later identified as Wallace Charles Taylor, defendant below and appellant here. Brown invited Taylor in, introduced him to Carter as *1328 "Wallace", and stated that he was the person who could get the "eight ball" for him. Agent Carter accepted and handed Brown $300.00 in cash which Brown in turn delivered to Taylor. Taylor then left and returned an hour and a half later and delivered to Brown and ultimately to Carter a small, square-shaped package having the number fourteen written on it. The contents of the package later proved to be cocaine.
Taylor and Brown were jointly charged with conspiracy to sell cocaine in an indictment returned by the Hinds County Grand Jury on February 11, 1986. Miss. Code Ann. § 97-1-1 (1972), § 41-29-139(a)(1) and § 41-29-115(A)(a)(4). Severance was granted and Taylor's case was called for trial on January 15, 1987. Undercover agent Preston Carter was the principal witness for the prosecution.
Taylor took the witness stand and admitted coming to Brown's apartment on the day in question and that Brown handed him some money. Taylor said two other persons were sitting on the couch, but he did not recognize them. He denied any sale of marijuana or that the subject was ever mentioned. Brown did not testify, presumably because of his privilege against self-incrimination and the fact that his own trial was pending.
The jury returned a verdict that Taylor was guilty of conspiracy to sell cocaine, whereupon the Circuit Court sentenced Taylor to serve a term of six years in the custody of the Mississippi Department of Corrections. Taylor now appeals that conviction and sentence.

III.
Taylor charges that the Circuit Court erred when it granted, over his objection, State's Instruction S-2. "The said-to-be vice in the instruction is that it authorized conviction if the jury should find an "implied" agreement Wallace Charles Taylor and one or more persons to commit the crime of sale of cocaine."[1] In each of the two points where the instruction includes the word "implied", Taylor says the correct word should have been "inferred".
The crime of conspiracy is committed when two or more persons combine to accomplish an unlawful purpose. Each conspirator must recognize that he is entering into a common plan with the other. Each must intend to further a common and unlawful purpose. See, e.g., James v. State, 481 So.2d 805, 808-10 (Miss. 1985); Griffin v. State, 480 So.2d 1124, 1126 (Miss. 1985).
Taylor recognizes that the conspiracy need not be established by direct evidence but that circumstances may suffice. He draws comfort from the fact that some of our conspiracy cases use the several tenses of the word "infer", e.g., Griffin v. State, 480 So.2d at 1126 ("The agreement need not be formal or express, but may be inferred by the circumstances, particularly by declarations, acts and conduct of the alleged conspirators.") We have also used the word "infer" in Williamson v. State, 512 So.2d 868, 878-79 (Miss. 1987); and Peoples v. State, 501 So.2d 424, 428 (Miss. 1987).
*1329 There is no comfort for Taylor in this word, for "inferred" and "implied" are legally synonymous. Webster's Third New International Dictionary, 1976, defines the two words as follows:
1) infer  2: to derive by reasoning or implication: conclude from facts or premises: accept or derive as a consequence, conclusion, or probability.
2) imply  2a: to indicate or call for recognition of as existent, present, or related not by express statement but by logical inference an association or necessary consequence. (emphasis added).
Webster's finds it necessary to use variants of each word to define the other. Also, Black's Law Dictionary, Fifth Edition, defines "implied" as follows:
This word is used in law in contrast to "express," i.e., where the intention in regard to the subject-matter is not manifested by explicit and direct words, but is gathered by implication or necessary deduction from the circumstances, the general language, or the conduct of the parties. Term differs from "inferred" to the extent that the hearer or reader "infers" while the writer or speaker "implies". (emphasis added)
And if that is not enough, Roget's College Thesaurus in Dictionary Form, Revised Edition, August, 1978, shows the following:
Imply  v.t. hint, suggest, infer, intimate; involve. (emphasis added)
But Taylor attacks "implied" in Instruction S-2 on another front. Accepting what we have said above, the prosecution must prove an express combination or agreement, not an implied one, or so the point goes. The proof may imply an agreement, but the agreement itself may not be an implied one. Moreover, "the instruction is deficient in that it gives no guidance as to how a jury is to decide if an implied agreement exists."
Conspiracy is the nefarious analogue of contract. But the analogy is not complete. We have no law of implied or quasi-conspiracy. We grant it would have been better had the word "implied" not appeared in the court's instructions at all. But no one here sought to prove Taylor a part of any implied conspiracy. The conspiracy the prosecution proved was express, albeit the evidence of that conspiracy may have been circumstantial. So seen, the point does not require reversal.
The assignment of error is denied.

IV.
Beyond this, we have carefully reviewed the evidence in this case in light of Taylor's denial that he had any involvement in any agreement or combination with Brown to sell cocaine. As all know, matters regarding the weight and credibility to be accorded evidence such as that offered by Agent Carter are to be resolved by the jury. We may reverse only where the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty.
The evidence outlined above, presented largely by Carter, implies strongly that Taylor and Brown combined and agreed to sell cocaine to undercover agent Carter. That evidence is credible, is consistent with the verdict, and must be accepted as true. From it reasonable jurors could infer Taylor's guilt beyond a reasonable doubt. We have no authority but to affirm. See, e.g., Temple v. State, 498 So.2d 379, 381, 382 (Miss. 1986); Gray v. State, 487 So.2d 1304, 1311 (Miss. 1986).
CONVICTION OF CONSPIRACY TO SELL COCAINE AND SENTENCE OF SIX (6) YEARS IMPRISONMENT AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
GRIFFIN, J., not participating.
NOTES
[1] In relevant part, the entire Instruction No. S-2 reads as follows:

You are further instructed that to establish a conspiracy the State is not required to prove that two or more persons entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plan, the means by which the unlawful project is to be carried out, or the part to be played by each conspirator. It is sufficient to show the existence of a conspiracy if the State proves beyond a reasonable doubt from the evidence in this case that two or more persons, including the defendant, Wallace Charles Taylor, in any manner or through any contrivance, express or implied, voluntarily came to a common understanding to violate the law as set forth herein and express language or specific words are not required to prove involvement in a conspiracy.
Thus, if you believe from the evidence in this case, beyond a reasonable doubt, that on October 29, 1985, an agreement, express or implied, existed between Wallace Charles Taylor and one or more persons to commit the crime of sale of cocaine, it is your sworn duty to find Wallace Charles Taylor guilty as charged. [Emphasis supplied]