635 So.2d 884 (1994)
Marcus Keith JONES
v.
STATE of Mississippi.
No. 90-KA-01048.
Supreme Court of Mississippi.
April 7, 1994.
*885 George T. Dickerson, Waynesboro, Thomas J. Lowe, Jr., Jackson, for appellant.
Michael C. Moore, Atty. Gen., Mary Margaret Bowers, Jeffrey A. Klingfuss, Sp. Asst. Attys. Gen., Jackson, for appellee.
En Banc.[1]

ON PETITION FOR REHEARING
McRAE, Justice, for the Court:
Marcus Keith Jones was indicted, tried and convicted in the Circuit Court of Wayne County for possession of over one (1) ounce but less than a kilogram of marijuana with intent to sell. He was sentenced to serve eight (8) years in the Mississippi Department of Corrections and ordered to pay a fine of $3,000.00, court costs and lab fees. Aggrieved, he appeals, contending that the jury verdict, with respect to "intent to sell," was against the overwhelming weight of the evidence. He further alleges the trial court erred in refusing a circumstantial evidence instruction. Finding no error in the instruction granted by the trial court, but also finding insufficient evidence to support the jury verdict of an intent to sell marijuana, we reverse and remand this cause to the trial court for proper sentencing for possession.

FACTS
On March 24, 1989, acting on information supplied by a confidential informant, Wayne County law enforcement officers obtained a search warrant for the mobile home residence of Marcus Jones. When the officers knocked on the entrance door of the trailer, they detected the sound of someone running inside. Jones' roommate opened the door. The officers entered and observed Jones walking toward them from the rear of the trailer. The bathroom toilet at the end of the hall was overflowing, and water was running into the hall. Officer Geoffrey Clark *886 lifted the top of the commode and observed a green substance floating in the water. Other officers immediately dug up the outside sewer pipes which expelled more green substance, subsequently determined to be marijuana.
A search of Jones' home disclosed marijuana in Ziploc bags, a small pair of postal scales, one unloaded shotgun, one loaded 30/30 rifle, one ashtray containing marijuana residue, a medicine bottle containing four bags of marijuana, $800.00 in cash consisting of $20.00 bills, a shoe box containing marijuana residue, drug paraphernalia, and a pair of scissors. There were also several names and numbers written on the shoe box, described as:
(a) a telephone number 735-0449;
(b) a telephone number 0832;
(c) the name Mike Tyson;
(d) the name Frank Bruno;
(e) the name Stew with a "20" beside it;
(f) the name Shanks with a "20" beside it;
(g) the name Bo-P with a "30" beside it;
(h) the name Parker;
(i) the name Mack Gill;
(j) the name Jeff;
(k) the name Jessie May;
(l) the name Pam;
(m) the name R. Gray with a "5" beside it;
(n) the name Jay Gray with a "10" beside it;
(o) the name Fly with a "2" and then a "200" beside it; and
(p) the name Mr. Monkey with "$2.00" beside it.
The total amount of marijuana confiscated weighed approximately four and one-half ounces. The money and medicine bottle were found between the mattresses in Jones' bedroom. At the time of his arrest, Jones was receiving workers' compensation payments of $285.00 every two weeks for an on-the-job injury. Jones admitted possession of the marijuana but denied he intended to sell or distribute any part of the contraband.
Jones maintained the postal scales belonged to his mother, a diabetic, who used them daily to weigh meat. He contended the firearms belonged to his father although he (Jones) used them for hunting purposes. He testified that the cash was being saved for his children's Easter clothing, and the plastic bags were used for the sole purpose of preserving lunch sandwiches. He related that the writings on the shoe box consisted of bets made by him with some of his friends on the Mike Tyson-Frank Bruno fight in February 1989.

ISSUES
On appeal, Jones presents the following issues:
(a) The jury verdict was against the overwhelming weight of the evidence with respect to the "intent to sell";
(b) The court erred in refusing to grant a circumstantial evidence instruction because there was no direct evidence of Jones' intent to sell.

THE INSTRUCTION
Jones requested, but was refused, a circumstantial evidence instruction requiring the prosecution to prove beyond a reasonable doubt and to the exclusion of every reasonable hypothesis other than that of guilt, his intent to sell marijuana. He complains this was reversible error.
Jones' assertion is answered in Williams v. State, 445 So.2d 798, 808 (Miss. 1984), wherein we stated:
One of Williams' principal contentions is that the prosecution was not required to establish his intent to rob Ainsworth with sufficient evidence to exclude every reasonable hypothesis other than that of guilt. Or, in other words, Williams desired a circumstantial evidence instruction since the proof of his intent was entirely circumstantial. The burden of proof instruction which was actually granted at trial simply required the prosecution to prove Williams' guilt beyond a reasonable doubt.
Ordinarily, if one element of the crime essential to the conviction of the defendant is established by circumstantial evidence, it is necessary that it be proven to the exclusion of every reasonable hypothesis consistent with that of innocence. Gilleylen v. *887 State, 255 So.2d 661 (Miss. 1971); Love v. State, 208 So.2d [755] 661 (Miss. 1968). The reason for this requirement is that it is only the exclusion of every reasonable hypothesis other than that of the guilt of the accused that invests mere circumstances with the force of proof. Simmons v. State, 106 Miss. 732, 64 So. 721 (1914); Haywood v. State, 90 Miss. 461, 43 So. 614 (1907).
However, the courts from various jurisdictions have treated proof of the intent element differently. Where the intent element is the only element proven entirely by circumstantial evidence, no charge on circumstantial evidence is necessary. See, e.g. Delaware: Brown v. State, 233 A.2d 445 (Del. 1967); Georgia: Reddick v. State, 11 Ga. App. 150, 74 S.E. 901 (1912); Iowa: State v. Moehlis, 250 N.W.2d 42 (Iowa 1977); Missouri: State v. Malconry, 270 S.W. 375 (Mo. 1925); Texas: Davis v. State, 516 S.W.2d 157 (Tex.Cr.App. 1974). The reason for this rule is that where intent is the only element proven by circumstantial evidence, at least some positive or direct evidence was necessarily relied upon to prove the other elements from which the guilty intent was inferred... .
In Boches v. State, 506 So.2d 254 (Miss. 1987), Boches maintained he should have been granted a circumstantial evidence instruction on the question of the charge of intent to sell, transfer, or distribute marijuana. In refuting the contention, we stated:
Under the authority of Williams v. State, 445 So.2d 798 (Miss. 1984), we conclude that where intent alone is sought to be proved by circumstantial evidence, no instruction on circumstantial evidence is necessary. See also, 23A C.J.S. Criminal Law, § 1250 (1961).
506 So.2d at 260.
There is no merit in Jones' claim that the court erred in refusing his requested circumstantial evidence instruction.

THE JURY VERDICT
Our scope of review is well established regarding challenges to the weight of the evidence issue. Procedurally, such challenges contend that defendant's motion for new trial should have been granted. Miss. Unif.Crim.R. of Cir.Ct.Prac. 5.16. The decision to grant a new trial rests in the sound discretion of the trial court, and the motion should not be granted except to prevent "an unconscionable injustice." Wetz v. State, 503 So.2d 803, 812 (Miss. 1987). "[We must] consider all the evidence, not just that supporting the case for the prosecution, in the light most consistent with the verdict," Jackson v. State, 580 So.2d 1217, 1219 (Miss. 1991), and then reverse only on the basis of abuse of discretion.
The prosecution is entitled to the benefit of all favorable inferences that may reasonably be drawn from the evidence. [citation omitted] If the facts and inferences so considered point in favor of the defendant with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, granting the motion is required.
Id.
Jones admits possession of the marijuana, but insists that the evidence is insufficient to support the jury verdict on intent to sell. He relies on the following cases which hold that the evidence was insufficient to support an intent to sell: Stringer v. State, 557 So.2d 796 (Miss. 1990) (search of defendant and close area produced snuff cans containing 21 sets of T's and Blue's, determined to be a week supply for an average user and a two day supply for an addict); Drane v. State, 493 So.2d 294 (Miss. 1986) (defendant found in possession of 912.3 grams of marijuana and 119.6 grams of marijuana laden brownies); Bryant v. State, 427 So.2d 131 (Miss. 1983) (defendant arrested in lounge with possession of 55 3/4 methaqualone tablets and 85 1/2 diazepan tablets); Hollingsworth v. State, 392 So.2d 515 (Miss. 1981) (scales, bags, paraphernalia, in addition to two bags of marijuana found in defendant's automobile). Appellant does not rely on the cases of Hicks v. State, 580 So.2d 1302 (Miss. 1991) (eight "quarter paper" [$25] packets of cocaine and $100 in $10 and $20 bills found in Hicks' possession, even though Hicks was unemployed, were not sufficient to uphold Hicks' conviction for intent to distribute) and Clayton v. State, 582 So.2d 1019 (Miss. 1991) (conviction *888 for intent reversed as there were insufficient quantities of cocaine [mere traces] from which the jury could infer an intent to distribute).
In Jackson, the appellant was found in possession of six "nickel" bags of marijuana at a known drug dealing location and the sum of $103.00 in cash. The jury convicted him of possession of marijuana with intent to distribute. The prosecution contended that the evidence was sufficient to establish intent to sell, distribute or transfer marijuana for the following reasons:
(1) Jackson was at a known drug dealing location;
(2) Jackson had six "nickel" bags of marijuana within a larger plastic bag, and users only purchased one or two "nickel" bags; and
(3) Jackson had a large sum of money in his possession at the time of his arrest. Id. at 1218-1219.
In reversing Jackson's conviction of possession of a controlled substance with intent to distribute and remanding the case for proper sentencing for possession of the controlled substance, we stated:
Our law on this subject states intent may be established by circumstantial evidence. Hollingsworth v. State, 392 So.2d 515, 517 (Miss. 1981). The quantity of the drug in itself can be sufficient to infer intent to distribute beyond a reasonable doubt. In Guilbeau v. State, 502 So.2d 639, 642 (Miss. 1987), we held that the possession of 5,100 pounds of marijuana was sufficient to establish intent to distribute. We reached the same conclusion based upon 348 pounds of marijuana in Boches v. State, 506 So.2d 254, 260 (Miss. 1987).
In other decisions the Court has held that the mere possession of a large quantity of drugs alone was not enough to establish intent to distribute... .
* * * * * *
If the quantity of the drug in itself is not sufficient to establish intent, the Court will consider both the quantity and the nature of the controlled substance. Coyne v. State, 484 So.2d 1018, 1021 (Miss. 1986). Also considered is incriminating evidence indicating some involvement in the drug trade. Stringer v. State, 557 So.2d 796, 797 (Miss. 1990). The evidence sufficient to infer intent to sell must be evaluated in each case.
* * * * * *
... [O]fficer Blackley testified that in his experience a user normally purchased only one or two nickel bags as opposed to the six found in Jackson's possession. The drugs Jackson possessed were packaged in the manner normally used for sale. This statement, however, necessarily includes the proposition that the drugs were also packaged in the manner in which they are normally purchased. Jackson also had one hundred three dollars ($103) in cash on his person. Jackson testified he earned one hundred fifty dollars ($150) a week working in the Douglas Club. Finally, Officer Blackley testified when he entered the Douglas Club, Jackson held the drugs in one hand and money in the other.
This evidence gives rise to two reasonable, but completely opposite inferences namely: Jackson was either completing a purchase or attempting to make a sale. The trial court incorrectly allowed the jury to determine which activity Jackson was engaged in on June 23, 1988. There was insufficient evidence for a reasonable jury to reach the conclusion beyond a reasonable doubt that Jackson had the necessary intent to distribute marijuana.
580 So.2d at 1219-20.
In Stringfield v. State, 588 So.2d 438 (Miss. 1991), the appellant was found in possession of a bag containing half an ounce of rock cocaine. In reversing his conviction of possession with intent to distribute, we stated:
[P]roof of possession with an intent to distribute or sell should not be based solely upon surmise or suspicion. There must be evidentiary facts which will rationally produce in the minds of jurors a certainty, a conviction beyond reasonable doubt that the defendant did in actual fact intend to distribute or sell the cocaine, not that he might have such intent. It must be evidence *889 in which a reasonable jury can sink its teeth.
* * * * * *
... The prosecution has an easy job of persuading the jury to make a leap of faith from possession to possession with intent to distribute. Yet neither the circuit judge nor this Court can permit a mental leap of a criminal intent to distribute or sell in the absence of clear evidence of such intent. While the jury might not catch it, the experienced circuit judge must. Indeed, this very danger requires the circuit judge to be specially vigilant in order to avert a miscarriage of justice.
* * * * * *
It is certainly correct that a criminal intent may, and ordinarily can only be shown by surrounding circumstances. Shive v. State, 507 So.2d 898, 900 (Miss. 1987); Boches, 506 So.2d at 260; Fisher v. State, 481 So.2d 203, 213 (Miss. 1985); Hollingsworth, 392 So.2d at 517-18; Stinson v. State, 375 So.2d 235, 236 (Miss. 1979); Ryals v. State, 305 So.2d 354, 356 (Miss. 1974); Shanklin v. State, 290 So.2d 625, 627 (Miss. 1974). The trouble here is there are no surrounding circumstances from which such an intent may be inferred.
588 So.2d at 440-441.
In Thomas v. State, 591 So.2d 837 (Miss. 1991), the appellant was found in possession of a small quantity of cocaine (less than a third of an ounce) in an apartment of another defendant, where additional cocaine was seized, along with contraband used for distribution. We reversed and remanded for resentencing of Thomas for possession only, holding that the proof of intent to distribute was based on suspicion and surmise. Id. at 839.
The more recent case of Jowers v. State, 593 So.2d 46 (Miss. 1992), sheds additional light on the issue. The facts and holding in Jowers set forth the following on intent:
There was no direct evidence to establish that Jowers intended to sell or deliver the marijuana. However, the intent to sell or deliver contraband may be established by inference from circumstantial evidence. Jackson v. State, 580 So.2d 1217, 1220 (1991); Bryant v. State, 427 So.2d 131 (Miss. 1983); Hollingsworth v. State, 392 So.2d 515, 517 (Miss. 1981).
Where the contraband is present in an amount which a person could reasonably hold for personal use, other evidence of possible involvement in the drug trade may be sufficient to establish intent. See, Breckinridge v. State, 472 So.2d 373, 378 (Miss. 1985).
The items seized from Jowers show that she possessed:
1. One large freezer bag of marijuana weighing 219 grams (7.7 oz.).
2. A small bag of marijuana weighing 84.5 grams (
3. A small bag of marijuana weighing 19.9 grams (
4. Two sets of portable scales. One set found in the house, the other set found in Jowers' purse.
5. A surgical tool.
6. Rolling papers.
7. $356.00 in United States currency.
The amount of marijuana seized in this case is not sufficient to constitute direct evidence that possession alone establishes intent. The surgical tool, used as a holder, and the rolling papers are items commonly associated with personal marijuana use. Scales are used by drug dealers, but also have legitimate uses. The $356.00 does heighten suspicion of an intent to deliver, but not everyone who has $356.00 in cash is a drug dealer, or for that matter a drug user.
This evidence could just as well imply possession for personal use as intent to deliver. The items seized all together create a suspicion of intent but not an intent to deliver marijuana. The statute requires more than mere suspicion.
Based upon well recognized jurisprudence in this State commencing with Hollingsworth v. State, 392 So.2d 515 (Miss. 1981); Bryant v. State, 427 So.2d 131 (Miss. 1983); Coyne v. State, 484 So.2d 1018 (Miss. 1986); Jackson, v. State, 580 So.2d 1217 (Miss. 1991); and Clayton v. State, 582 So.2d 1019, 1022 (Miss. 1991), we *890 hold that the State failed to meet its burden of proof of possession with intent to distribute and the conviction of Jowers on that charge is reversed.
Id. at 46-47 (Emphasis in original).
The complexity of the mind-boggling question of the sufficiency of indirect evidence to sustain an intent to sell or deliver contraband is exemplified in Jowers. Four members of this Court concurred in the majority opinion while four members dissented. The majority and dissenting opinions were well reasoned and show the dilemma imposed by the efforts of professional minds to resolve the issue.
In Breckenridge v. State, 472 So.2d 373 (Miss. 1985), Keys v. State, 478 So.2d 266 (Miss. 1985), Coyne v. State, 484 So.2d 1018 (Miss. 1986), Guilbreau v. State, 502 So.2d 639 (Miss. 1987) and Boches v. State, 506 So.2d 254 (Miss. 1987), this Court has affirmed the findings of the lower courts in intent to sell or distribute cases. In Boches, 348 pounds of marijuana were found in the trunk of Boches' car. In Coyne, his trailer contained 5.4 pounds of marijuana, some of it in 27 small bags, along with scales and drug paraphernalia. In Breckenridge, the police seized fourteen different drugs, receipt and address books, $9,734.00 in cash, triple beam scales, plastic bags containing marijuana, hand-rolled marijuana cigarettes, a rolling machine and various guns and knives. In Keys, five grocery bags full of marijuana were found in the bathroom of Key's apartment. In Guilbeau, possession of 118 bales of marijuana weighing 5,100 pounds was sufficient to establish intent. In these cases, the evidence was not only something the jury could sink its teeth into, it was a virtual feast.
We are again faced with the question of what constitutes "intent to sell." In drafting the statute, the legislature has not set out any parameters of "intent." As it stands, "intent" is like pornography  you "know it when you see it." The road which we have traveled in the past has been very winding, and apparently will continue to wind.
Our decisions and pronouncements on the "intent to sell" issue, however, require reversal in this case. The prosecution urges here, as in Jackson, that the $800.00 in currency found in Jones' mattress and the conflicting testimony pertaining to the real meaning of the names and numbers found on the shoe box containing contraband paraphernalia and residue constitute sufficient distinguishing factors to permit a jury to find the intent to sell. We are not persuaded. The evidence was insufficient for a reasonable jury to infer and conclude beyond a reasonable doubt that Jones had the necessary intent to sell marijuana.
For the reasons stated, Jones' conviction for possession of a controlled substance with intent to sell is hereby reversed and the cause remanded for resentencing Jones for possession of a controlled substance.
CONVICTION FOR POSSESSION OF MARIJUANA IN EXCESS OF ONE (1) OUNCE WITH INTENT TO DISTRIBUTE IS REVERSED AND SENTENCE VACATED; CONVICTION OF POSSESSION OF MARIJUANA IN EXCESS OF ONE (1) OUNCE IS AFFIRMED; REMANDED FOR RESENTENCING ON POSSESSION ONLY.
HAWKINS, C.J., DAN M. LEE, P.J., and PITTMAN, J., concur.
SULLIVAN, J., concurs in result only.
BANKS, J., dissents with separate written opinion joined by PRATHER, P.J., and JAMES L. ROBERTS, Jr., and SMITH, JJ.
HAWKINS, C.J., specially concurs with separate written opinion joined by SULLIVAN, J.
HAWKINS, Chief Justice, specially concurring:
I concur in reversing, but I do not believe the Legislature is in any position to give us guidance, as the majority suggests. Majority Opinion, p. 890. The problem comes from the difficulty of the question and the grave consequences of a wrong answer. The jury is asked to determine what is in a man's head, with consequences which can mean 27 additional years in the penitentiary.
When a man is in possession of an illegal drug he is already on the way to the penitentiary for a period of up to three years. He is *891 not about to go unpunished. If the State wants to add up to 27 additional years, not for any act or deed beyond simple possession, but purely and simply for what is in his head, common sense and fairness tells you it should be substantial evidence, not mere surmise. Stringfield v. State, 588 So.2d 438 (Miss. 1991).
SULLIVAN, J., joins this opinion.
BANKS, Justice, dissenting:
For the reasons stated in my dissent in Jowers v. State, 593 So.2d 46 (Miss. 1992), which apply very well to the facts of this case, I dissent from the reversal of this conviction.
PRATHER, P.J., JAMES L. ROBERTS, Jr., and SMITH, JJ., join this dissent.
NOTES
[1] The original opinions are withdrawn and these opinions substituted therefor to address the only issue raised by the State, i.e., to delete the guidelines for a presumption of intent to sell or distribute a controlled substance set out in the original opinion, thereby giving the State an opportunity in possession with intent cases to determine the amounts necessary to establish a prima facie evidence threshold. We are agreeing to delete these guidelines, even though they were drawn from the Federal system of guidelines. The State accepted the decision of the Court regarding possession with intent and the case is being sent back on that basis. The State's petition for rehearing was the only one filed.