# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CT-00194-SCT

*COREY BANKS*

*v.*

*STATE OF MISSISSIPPI*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/03/95 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM D. BOERNER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | DUNN LAMPTON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND RENDERED - 06/11/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/3/98 |

**EN BANC.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

### Introduction

¶1. This case is before the Court sitting en banc on a petition for writ of certiorari filed by Corey Banks. Banks was convicted of conspiracy to sell cocaine and sentenced to serve 20 years and pay a fine of $30,000. The Court of Appeals affirmed his conviction and sentence. Banks's motion for rehearing was denied and he filed a petition for writ of certiorari which this Court granted. Finding that the State's proof at trial was insufficient to support a conviction as charged by the indictment, Banks's conviction is reversed and rendered.

### Facts

¶2. Banks was jointly indicted with nine others for conspiracy to sell cocaine. The conspiracy was alleged to have taken place on or before September 6, 1994. Horace McMorris and Anthony Snell,

two co-indictees, testified for the State. McMorris testified that Banks had a monetary stake in eleven ounces of cocaine that McMorris purchased in Houston and planned to divide with Banks until McMorris was caught with the cocaine in the New Orleans airport. McMorris also testified that Banks was present in 1992 when he purchased cocaine in Jackson. Snell testified that he would get the cocaine to Brookhaven and that Banks would sell it for him. Timothy Cooper, another State witness, testified that Banks was his cocaine supplier and that Banks was supplying cocaine to others in the Lincoln County area. Banks did not testify or produce any witnesses.

## Issues Raised for Certiorari Review

**I. THE COURT OF APPEALS IS IN CONFLICT WITH DECISIONS OF THE SUPREME COURT OF THE STATE OF MISSISSIPPI.**

**II. THE COURT OF APPEALS HAS FAILED TO PROPERLY APPLY THE CONTROLLING CONSTITUTIONAL PROVISION PERTAINING TO INDICTMENTS.**

**III. THIS APPEAL INVOLVES FUNDAMENTAL ISSUES OF BROAD PUBLIC IMPORTANCE REQUIRING DETERMINATION BY THE SUPREME COURT.**

## Analysis and Authority

¶3. In his petition for writ of certiorari, Banks raises three issues. This Court will only address the second issue finding that it is dispositive.

**THE COURT OF APPEALS HAS FAILED TO PROPERLY APPLY THE CONTROLLING CONSTITUTIONAL PROVISION PERTAINING TO INDICTMENTS.**

¶4. The indictment reads as follows:

The Grand Jurors . . . upon their oaths present that Anthony Snell, Napoleon Douglas also known as Polo, Horace McMorris, Orlando Byrd, Fernando Byrd, James Magee, Jr. also known as Jamie, Corey Banks, Phyllis Wilson, Felecia Beasley, Larry Gatlin, late of county aforesaid, on or before the 6th Day of September, 1994, in Lincoln County, Mississippi, and within the jurisdiction of this court, did wilfully, unlawfully, feloniously and knowingly conspire and agree, each with the other, and with some other person or persons to the grand jurors unknown, to wilfully, unlawfully, feloniously and knowingly commit the crime of unlawful sale of cocaine, contrary to and in violation of Sections 97-1-1 and 41-29-139 . . . .

¶5. Banks contends that the State failed to prove a conspiracy between all the individuals listed in the indictment. Banks claims that the trial judge erred in failing to grant his motion for directed verdict, peremptory instruction, and/or new trial.

¶6. The Court of Appeals affirmed holding:

"The major purpose of an indictment is to furnish the accused such a description of the charges against him as will enable him to adequately prepare his defense." *King v. State*, 580 So. 2d

1182, 1185 (Miss. 1991). *See also Cantrell v. State*, 507 So. 2d 325, 329 (Miss. 1987) ("The rule in this state is that an indictment which states the statutory language is generally sufficient to inform the accused of the charge against him."). In the present case, this Court has perused the indictment and concludes that it comported with relevant law--i.e., Banks was sufficiently apprised of the offense with which he was charged. We find that the failure of the State to prove that Banks conspired with each of the named individuals in the indictment to be of no import. As the State correctly points out, a conspiracy is complete when two or more persons combine and agree to accomplish an unlawful purpose. *Thomas v. State*, 591 So. 2d 837, 839 (Miss. 1991). It was not necessary for the State to prove that Banks conspired with each of the other nine co-conspirators.

¶7. The dissent of the Court of Appeals written by Judge McMillin agreed that the acquittal of one member of a multi-person conspiracy does not prevent the conviction of the remaining conspirators. Judge McMillin, however, was concerned that the indictment failed to apprise the defendant of the crime with sufficient specificity to allow him to mount a meaningful defense.

> The majority sustains the conviction in part upon an episode involving McMorris and Banks at the New Orleans Airport where McMorris was arrested in possession of $6,000 worth of illegal drugs, the purchase of which McMorris claimed he and Banks had jointly financed for subsequent distribution in Lincoln County. There is not a scintilla of evidence that any other individual named in the indictment had any knowledge of this venture, much less participated in it in any manner. Nor is there any hint that this drug purchase was a part of an existing over-arching plan for drug dealing involving anyone other than McMorris and Banks. Thus, this evidence proved, at best, a separate conspiracy that could not have involved any other persons. To charge up to ten other people with participating in this conspiracy is certainly misleading and would not seem to fairly inform the defendant of what conspiracy the State intended to prove.

> . . . .

> . . . [I]t would appear that the State may have proven sufficient facts to establish a combination or conspiracy of some nature between Snell and Banks to deal in illegal drugs. However, . . . I have concluded that such proof, isolated to this one individual, was materially at odds with the essential nature of the crime charged in the indictment. Therefore, though the State may have proved a crime involving Snell and Banks, it was a different crime, based on any fair analysis, from the one set out in the indictment.

¶8. The State's three main witnesses against Banks testified as to at least four incidents where Banks was involved in a conspiracy to sell cocaine. These four incidents, however, spanned a two and one-half year time frame. Judge McMillin points out the difficult situation facing Banks in trying to prepare his defense given that the indictment also alleged that he conspired with seven other people (excluding McMorris and Snell) and that Cooper was not even a co-indictee. In his dissent, Judge McMillin recommended that the case be reversed due to the "substantial variance between the proof at trial and the nature of the charge in the indictment."

¶9. McMorris testified that Banks was with him when he purchased cocaine in Jackson in 1992. At the time of the incident at the New Orleans airport in October of 1993, McMorris told authorities that Banks was merely there to pick him up. The authorities also searched Banks's car and found no

sign of drugs. At trial, however, McMorris testified that Banks had an interest in the cocaine which was seized at the airport. McMorris had been incarcerated in Louisiana since the incident at the New Orleans airport.

¶10. Cooper was arrested in December of 1993 for the sale of cocaine. Cooper testified that he purchased the cocaine from Banks the night before his arrest. Cooper stated that he got into a car with Banks and Snell, and that Banks sold the cocaine to Cooper while Snell drove the car. According to Cooper, he had been selling cocaine since October 1, 1993, and Banks and Snell were his suppliers.

¶11. Snell testified that he and Banks shared a house together and that he and Banks supplied cocaine to the Brookhaven area. Snell stated that he and Banks traveled to California in February, March, or April of 1994, where he purchased cocaine with money that he borrowed from Banks. Snell stated that Banks knew he was using the money to purchase cocaine. Snell also stated that Banks assisted him in the sale of cocaine on August 8, 1994. Prior to August 8, 1994, Snell stated that Banks sold cocaine to Latron Dixon "[j]ust about on a daily basis."

¶12. There is sufficient evidence to prove that a conspiracy existed between Snell and Banks to sell cocaine between October of 1993 and August of 1994. The existence of this conspiracy is corroborated by Cooper's testimony. There is also sufficient evidence to support the existence of a conspiracy between McMorris and Banks.

¶13. The problem as pointed out by Judge McMillin is that there is nothing to connect these two conspiracies. It is difficult to determine whether the incident involving McMorris was used to prove Banks's participation in the charged conspiracy or merely to show Banks's propensity to participate in such crimes. In his dissent, Judge McMillin stated that "the purpose of an indictment is to fairly apprise the defendant of the crime with which he is charged with sufficient specificity to permit him to mount a meaningful defense and to avoid double jeopardy should he be acquitted." (citing *United States v. Gordon*, 780 F.2d 1165, 1170 (5th Cir. 1986)).

¶14. In *United States v. Ellender*, 947 F.2d 748 (5th Cir. 1991), the defendants challenged the sufficiency of the indictment for failure to specify the time, location, and precise dates of acts involved in the conspiracy. The Fifth Circuit held that the indictment language "'commencing in or about the month of July, 1982, and continuing through the month of August, 1984 . . .'" was sufficient. *Id.* at 755-56. "[A]n indictment need not allege an overt act in furtherance of the conspiracy if the indictment alleges a conspiracy to distribute drugs, *the time the conspiracy was operative*, and the statute allegedly violated." *United States v. Khan*, 728 F.2d 676, 681 (5th Cir. 1984) (emphasis added). The indictment in the case at hand does not provide any time frame to indicate when the conspiracy began. It merely states that the conspiracy was entered into on or before September 6, 1994. The indictment was filed on September 9, 1994. Essentially, the indictment provides that Banks committed his crime sometime prior to his being indicted. In effect, the State has provided no time frame for the commission of the crime.

¶15. This Court finds that there is a material variance between the indictment and the State's proof. Although there was sufficient proof that conspiracies existed between Snell and Banks and McMorris and Banks, there was no proof that Banks conspired with any of the other indictees. Judge McMillin reasoned that "[w]hile the State may be permitted to charge a conspiracy in somewhat general terms,

it would appear . . . that, by the conclusion of the State's proof in its case-in-chief, there should emerge a reasonably discernable picture of the State's theory of its case."

¶16. This Court finds that the proof at trial was insufficient to support a conviction as charged by the indictment. Banks's conviction is hereby reversed and rendered.

¶17. **REVERSED AND RENDERED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE AND WALLER, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS AND MILLS, JJ.**

**SMITH, JUSTICE, DISSENTING:**

¶18. The majority writes that there is only sufficient evidence to prove that a conspiracy existed between Snell and Banks to sell cocaine between October of 1993 and August of 1994. The majority also writes that there is sufficient evidence to support a conspiracy between McMorris and Banks. But, the majority concludes that there is nothing to connect these two conspiracies, thus ultimately, Banks cannot have been fairly apprized of the crime with which he is charged with sufficient specificity to permit him to mount a meaningful defense. I respectfully disagree. The conspiracies need not be connected.

¶19. The Court of Appeals correctly held that the State did not have to prove conspiracy with each of the nine individuals named in the indictment. A conspiracy is complete when two or more persons combine and agree to accomplish an unlawful purpose. ***Miss. Code Ann.*** § 97-1-1 (1994) . This Court has long adhered to the statute. *See **Thomas v. State***, 591 So. 2d 837, 839 (Miss. 1991). *See also **Clayton v. State***, 582 So. 2d 1019 (Miss. 1991); ***Taylor v. State***, 536 So. 2d 1326, 1328 (Miss. 1988). Here, the State merely alleged more than it was required to prove against Banks. The primary evidence elicited against Banks consisted of the testimony of three convicted felons: McMorris, Cooper, and Snell. McMorris implicated Banks due to a monetary stake in eleven ounces of cocaine that McMorris claimed to have purchased in Houston and that he was supposed to divide with Banks. Cooper testified that Banks was his sole supplier of cocaine and that Banks also supplied cocaine to others in the area of Lincoln County. Finally, Snell claimed that he delivered drugs to Brookhaven and that Banks would subsequently sell them for him. There is more than sufficient evidence consistent with the verdict that would indicate these individuals were working in conspiracy to traffic in drugs in Lincoln County and that Banks was the principal. Clearly, a conspiracy was proven between Banks and Snell. That is all that is required by statute and by case law. An "agreement need not be formal or express, but may be inferred from the circumstances, particularly from declarations, acts and conduct of the alleged conspirators." ***Thomas***, 591 So. 2d at 839 *citing **Clayton***, 582 So. 2d at 1022; ***Nixon v. State***, 533 So. 2d 1078, 1092 (Miss. 1987)). Here, the circumstances and acts testified to by the state's witnesses clearly were sufficient to establish a

conspiracy.

¶20. I respectfully dissent.

**ROBERTS AND MILLS, JJ., JOIN THIS OPINION.**