# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CT-01513-SCT

*BRIAN LEE a/k/a BRIAN NEILL LEE*

*a/k/a "NEILL LEE" a/k/a "MOONSHADOW"*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/10/1997 |
| TRIAL JUDGE: | HON. W. M. O'BARR, JR. |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | S. CHRISTOPHER FARRIS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | E. LINDSAY CARTER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND RENDERED - 12/09/1999 |
| MOTION FOR REHEARING FILED: | 12/23/99; denied 3/16/2000 |
| MANDATE ISSUED: | 3/23/2000 |

## EN BANC.

## MILLS, JUSTICE, FOR THE COURT:

¶1. Brian Lee was convicted in the Forrest County Circuit Court of conspiracy to sell LSD and sentenced to serve twenty years in the custody of the Mississippi Department of Corrections with five years suspended and fifteen years to serve. The Court of Appeals affirmed his conviction, *Lee v. State*, 733 So.2d 336 (Miss. Ct. App. 1999), and we subsequently granted certiorari. Because the State did not prove all the elements of the indictment, we reverse and render Lee's conviction.

### FACTS

¶2. On May 28, 1996, Karlton Bradley purchased LSD from Brian Lee, which he subsequently attempted to trade with David Watkins for two ounces of cocaine. When Watkins arrived at Bradley's apartment, it was discovered that the LSD was missing a page of dosage "hits", so Bradley called Lee to complain about the shortage. Lee denied there was a shortage, but agreed to come over to count the LSD himself. Watkins left while Bradley and Lee attempted to reach an agreement regarding the alleged shortage. When Watkins returned, he was told by Bradley that the LSD was short and that he would have to take a loss. Unbeknownst to Bradley and Lee, the Mississippi Bureau of Narcotics was conducting surveillance of them pursuant to a court order.

¶3. Brian Lee was subsequently indicted in November of 1996 for conspiring and agreeing with four others to sell LSD to another person. The indictment stated in relevant part:

> Brian Lee, on or about May 1 through May 30, 1996, in Hattiesburg, Forrest County, Mississippi, in violation of MCA section 97-1-1 (1994), did knowingly, willfully, and unlawfully conspire and agree with Karlton Bradley, David Watkins, Dan Campbell, and Chris Boulette and other persons unknown to the grand jury, to commit a felony crime . . . namely: to willfully, unlawfully, knowingly and intentionally sell Lysergic Acid Diethylamide (LSD) (a Schedule II controlled substance) to another person the subject of said conspiracy being a violation of M.C.A. section 41-29-139(a)(1), (1996) of the Mississippi Uniform Controlled Substances Law . . . .

¶4. At trial, Watkins testified that he had never met, spoken or been with Lee when the drugs were exchanged with Bradley. Over objection of Lee's counsel, the circuit court allowed the State at the close of its case to amend the indictment to delete Dan Campbell and Chris Boulette as alleged co-conspirators. Lee was found guilty of conspiracy, and he was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections with five years suspended. Lee appealed, and his case was assigned to the Court of Appeals which affirmed his conviction. He then filed a petition for writ of certiorari which we granted.

## ANALYSIS

¶5. Lee first argues that the evidence was insufficient to support a conviction for conspiracy to sell LSD. Specifically he argues that while there may have been enough evidence to show drug transactions individually between Lee and Bradley and Bradley and Watkins, there was no evidence to tie the three of them together as the indictment alleged.

> The essence of a criminal conspiracy is two or more persons combining and agreeing to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully. Miss.Code Ann. § 97-1-1 (Supp.1990); *Taylor v. State*, 536 So.2d 1326, 1328 (Miss.1988); *Griffin v. State*, 480 So.2d 1124, 1126 (Miss.1985); *Norman v. State*, 381 So.2d 1024, 1028 (Miss.1980). A criminal conspiracy is complete upon the combination, and the law does not require proof of an overt act in pursuance thereof. *Ford v. State*, 546 So.2d 686, 688 (Miss.1989). The agreement need not be formal or express but may be inferred from the circumstances, particularly from declarations, acts, and conduct of the alleged conspirators. *Nixon v. State*, 533 So.2d 1078, 1092 (Miss.1987); *Barnes v. State*, 493 So.2d 313, 315 (Miss.1986); *McCray v. State*, 486 So.2d 1247, 1251 (Miss.1986).

*Clayton v. State*, 582 So.2d 1019, 1022 (Miss. 1991).

¶6. Lee cites *Banks v. State*, 726 So. 2d 567 (Miss. 1998), *McCray v. State*, 486 So. 2d 1247 (Miss. 1986) and *Johnson v. State*, 642 So. 2d 924 (Miss. 1994) in support of his position. *Banks* is close on point. In that case, Banks was jointly indicted with nine individuals for conspiracy to sell cocaine. One of the alleged co-conspirators, McMorris, testified that he and Banks had a joint monetary interest in eleven ounces of cocaine found on McMorris when he was arrested at the New Orleans airport. Another co-conspirator, Snell, testified that he would transport the cocaine to Brookhaven, and Banks would sell it for him. *Banks* at 568. On appeal Banks argued that the State failed to prove a conspiracy between all the individuals listed in the indictment, and therefore, the trial judge erred in failing to grant his motion for directed verdict. *Id.* at 569. We reversed and rendered the conviction and in so doing stated that:

There is sufficient evidence to prove that a conspiracy existed between Snell and Banks to sell cocaine between October of 1993 and August of 1994. The existence of this conspiracy is corroborated by Cooper's testimony. There is also sufficient evidence to support the existence of a conspiracy between McMorris and Banks.

The problem as pointed out by Judge McMillin is that there is nothing to connect these two conspiracies. It is difficult to determine whether the incident involving McMorris was used to prove Banks's participation in the charged conspiracy or merely to show Banks's propensity to participate in such crimes.

*Banks* at 570. We went on to hold:

This Court finds that there is a material variance between the indictment and the State's proof. Although there was sufficient proof that conspiracies existed between Snell and Banks and McMorris and Banks, there was no proof that Banks conspired with any of the other indictees. Judge McMillin reasoned that "[w]hile the State may be permitted to charge a conspiracy in somewhat general terms, it would appear . . . that, by the conclusion of the State's proof in its case-in-chief, there should emerge a reasonably discernable picture of the State's theory of its case."

This Court finds that the proof at trial was insufficient to support a conviction as charged by the indictment. Banks's conviction is hereby reversed and rendered.

*Banks*, 726 So.2d at 571.

¶7. In *Johnson v. State,* 642 So. 2d 924 (Miss. 1994), also cited by Lee, we held:

Johnson and Spruill were indicted for conspiracy to sell cocaine. An agreement to sell cocaine could possibly be inferred by the combined acts of Johnson and Spruill, yet there is no evidence that Spruill knew Johnson would bring Ellington or any other cocaine purchaser to his home. Viewing the evidence in the light most favorable to the State, Johnson knew that Spruill sold cocaine, but Ellington also possessed this knowledge; Johnson directed Ellington to Spruill's house, and accompanied Ellington to the door, knocked on the door, and told Spruill that they wanted to purchase cocaine. Spruill then supplied the cocaine to Ellington. This is insufficient evidence of the actors' recognition that they were entering into a common plan and knowingly intended to further its common purpose. *Griffin v. State*, 480 So.2d 1124, 1126 (Miss.1985), *citing McDonald v. State*, 454 So.2d 488 (Miss.1984). Reasonable jurors could only find Johnson not guilty of a conspiracy with Spruill to sell cocaine. It follows that this Court reverses on this issue.

*Johnson* at 928.

¶8. In the present case, the State strongly argued at trial and in the Court of Appeals that a portion of a telephone call between Karlton Bradley and Lee demonstrates a conspiracy was afoot. In that call, Bradley told Lee, "I just opened it up and the guy looked at it, we'll recount it real quick, . . . . [c]ause he's saying it is short." There is no further mention of a third party, and the remainder of the conversations focus on whether Lee shorted Bradley on the amount of LSD he sold him.

¶9. In *Thomas v. State,* 591 So.2d 837, 839 (Miss. 1991), the Court held:

The only evidence of an agreement by the occupants of the apartment to distribute cocaine were the statements Gladney heard just before he entered the apartment: the unidentified female voice saying, "Pass me the pipe"; the unidentified male voice saying, "We've got to get this stuff sold--I need the money"; and finally the unidentified male response, "There's plenty more where that came from." Cocaine and other contraband--such as the crack pipe, guns, plastic baggies and $2,310 cash--were found in the apartment. *Clayton* 582 So.2d at 1022; *McCray v. State*, 486 So.2d 1247, 1251-52 (Miss.1986); *McDonald v. State*, 454 So.2d 488, 491-95 (Miss.1984). All of this does little to prove Thomas himself was engaged in a conspiracy to distribute cocaine. And, his cry of alarm at seeing Gladney would have been voiced whether he was on the premises as a guest or a joint venturer. The small packet of cocaine found on his person clearly proved possession; that much, but no more. From this evidence, only surmise exists of a criminal conspiracy. We accordingly reverse and render Thomas' conviction of conspiracy with intent to distribute cocaine.

¶10. In this case, as was the case in *Banks*, there was sufficient evidence to prove a conspiracy between Lee and Bradley, and Bradley and Watkins, but there was insufficient evidence to link the two conspiracies together. Indeed Watkins testified that he did not know, or for that matter had never even met, Lee. The evidence was insufficient to show a "recognition on the part of the conspirators that they are entering into a common plan and knowingly intend to further its common purpose." *McCray v. State*, 486 So.2d at 1251 (citing *McDonald v. State*, 454 So.2d 488 (Miss.1984)). We therefore reverse and render on this issue. Because we reverse and render his conviction, we find it unnecessary to address Lee's remaining assignments of error.

## CONCLUSION

¶11. The State has the burden of proving all of the elements of an indictment. Because the evidence in this case was insufficient to prove a conspiracy between Lee, Bradley and Watkins as set forth in the indictment, we reverse and render Lee's conviction. The judgments of the Court of Appeals and the Forrest County Circuit Court are reversed and rendered, and Brian Lee is discharged.

¶12. **REVERSED AND RENDERED.**

**PRATHER, C.J., BANKS AND McRAE, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER AND COBB, JJ. SULLIVAN AND PITTMAN, P.JJ., NOT PARTICIPATING**.

## SMITH, JUSTICE, DISSENTING:

¶13. The majority reverses and renders the Court of Appeal's affirmance of Brian Lee's conviction for conspiracy involving the sale of LSD because the majority claims that the evidence in this case was insufficient to prove a conspiracy between Lee, Bradley and Watkins as set forth in the indictment. In my view, the Court of Appeals was correct in affirming Lee's conviction. See *Lee v. State*, 733 So. 2d 336 (Miss. Ct. App. 1999)(Diaz, J.). Therefore, I disagree with the majority and accordingly dissent.

¶14. The State is not required to prove a conspiracy by Lee with both Bradley and Watkins under the amended indictment in order to convict Lee. A conspiracy is complete when two or more persons conspire,

combine and agree to accomplish an unlawful purpose. Miss. Code Ann. § 97-1-1(h) (1994). This Court has repeatedly held that the conspiracy is completed when two of more persons conspire or combine together to accomplish an unlawful purpose. *Taylor v. State*, 536 So. 2d 1326, 1328 (Miss. 1988); *Moore v. State*, 290 So. 2d 603, 604 (Miss. 1974); *Riley v. State*, 208 Miss. 336, 340, 44 So. 2d 455, 457 (1950). Here, the State's case in chief sufficiently proved that Lee and Bradley conspired in that Lee, on at least six occasions, sold large quantities of LSD of Bradley in a common scheme or plan and that Bradley transferred the LSD to Watkins in exchange for cocaine. The jury here could have found by the circumstances and inferences that Lee knew that the LSD he traded to Bradley for cocaine was sold to others by and through a third party. Evidence of conspiracy, and the defendant's membership in it, may be proved entirely by circumstantial evidence. *Franklin v. State*, 676 So. 2d 287, 288 (Miss. 1996). The offense is complete without showing an overt act in furtherance of the conspiracy. *Davis v. State*, 485 So. 2d 1055, 1058 (Miss. 1986). *See also Moore v. State*, 290 So. 2d at 604. In the case at bar, there is a combination of direct evidence and circumstantial evidence from which the jury could infer a conspiracy existed. The video and audio surveillance tapes all constituted direct evidence. Bradley's wife, Sarah, testified that Lee sold her LSD on occasions prior to the event in question. This further establishes inferences of the ultimate conspiracy between Lee, Bradley and Watkins.

¶15. For these reasons, I respectfully dissent.

### WALLER AND COBB, JJ., JOIN THIS OPINION.