SOUTHWICK, P.J.,
for the court.
¶ 1. Almonzo Jones was convicted in Coahoma County Circuit Court on a multiple count indictment for possession and sale of controlled substances. On appeal, Jones challenges the weight of the evidence supporting the conviction. Finding no merit to his argument, we affirm.
STATEMENT OF FACTS
¶ 2. On March 16, 2001, the Mississippi Bureau of Narcotics, working in conjunction with the Coahoma County Sheriffs Department, was engaged in an undercover drug operation in Lula. Frenchie Taylor, a confidential informant, was outfitted in an automobile equipped with audio and video surveillance capability. Taylor was given $100 in marked funds to use for the purchase of crack cocaine. Taylor soon encountered Almonzo Jones. When Jones approached his vehicle, Taylor requested two fifty-dollar rocks of crack cocaine. Jones at first refused and suggested that a contact be made in Arkansas. Taylor responded that he did not want to go that far, and Jones then instructed him to wait nearby. Jones then ordered eighteen-year-old Kevin Hall to carry some crack to Taylor and bring the money to Jones. Hall delivered the drugs to Taylor and received the $100.
¶ 3. The completion of the transaction caused law enforcement officers to swarm to the scene. Hall immediately obeyed the command to drop the money and surrender. Jones, however, fled. A Bureau of Narcotics agent pursued him. As Jones ran, he took items from his pocket and threw them aside. Jones was quickly apprehended. Among the items discarded by Jones were several bags of marijuana and a plastic Chap Stick containing several rocks of crack cocaine.
¶4. Jones was convicted for the sale of crack cocaine, and on separate counts for possession of a controlled substance, one for cocaine, the other for marijuana.
DISCUSSION
¶ 5. On appeal, Jones claims that his motion for new trial should have been granted. In ruling on such an argument, we accept as true the evidence that supports the verdict. We will set the verdict aside only if failure to grant a new trial was an abuse of discretion or if the verdict was an unconscionable injustice. Jones v. State, 635 So.2d 884, 887 (Miss.1994). The basis for this admittedly high standard is our deference to a jury’s verdict. “Any less stringent rale would denigrate the constitutional power and responsibility of the jury in our criminal justice system.” *215 Burrell v. State, 613 So.2d 1186, 1191 (Miss.1993).
¶ 6. Here, various witnesses testified as to the technical aspects of the undercover operation. A videotape of the events was introduced and viewed by the jury. Confidential informant Taylor testified about events. The agent who pursued Jones in his flight described that part of the day’s occurrences. A forensic chemist with the Mississippi Crime Laboratory testified to the analyses undergone to prove the substances as crack cocaine and marijuana. Kevin Hall, Jones’ young assistant in the drug sale, testified that Jones instructed him to deliver the cocaine to Taylor and return the money. A post-arrest statement in which Jones admitted to conducting the sale was admitted into evidence. Hall’s physical delivery of the drugs does not insulate Jones from guilt. Hollins v. State, 799 So.2d 118, 121-22 (Miss.Ct.App.2001).
¶ 7. Finally, Jones’ attempt on appeal to discredit Hall’s trial testimony merely presents a question already appropriately resolved by the jury below. No new trial was needed.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF COUNT I SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF SIX YEARS; COUNT II POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF SIX YEARS, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; AND COUNT III MISDEMEANOR POSSESSION OF A CONTROLLED SUBSTANCE AND FINE OF $250 IS AFFIRMED. SENTENCE IN COUNT II SHALL RUN CONCURRENTLY TO SENTENCE IN COUNT I AND CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.